(February 24, 1910.)

## LUTHER R. DUKES, Respondent, v. THE BOARD OF COUNTY COMMISSIONERS OF BOISE COUNTY, IDAHO, Appellant.

[107 Pac. 491.]

COUNTY OFFICER — CLERICAL ASSISTANCE — APPLICATION — RELIEF GRANTED—FINDINGS—JUDGMENT.

1. Where application is made by the clerk of the district court and *ex officio* auditor and recorder for clerical assistance, under the provisions of Rev. Codes, sec. 2119, and the board of commissioners to whom such application is addressed continues such application to the next succeeding session of the board, and in the meantime the applicant files a paper addressed to such board containing an argument and reason why the applicant should be allowed assistance, the latter will not be considered as a separate application but merely an argument in support of the former application.

2. Under the provisions of Rev. Codes, sec. 4407, the court makes its findings and conclusions of law and enters judgment thereon; and there is nothing in the statute which requires that the judgment should be written upon a separate piece of paper from the findings and conclusions of law. The statute is complied with when the court makes its findings and conclusions of law and states them separately and follows the same by a judgment based thereon; and it makes no difference whether they are written on one or more different pieces of paper.

3. A finding, "That the business of the office of clerk of the district court and *ex officio* auditor and recorder of said office requires the assistance of one additional deputy," is a finding in effect that a necessity exists for the appointment of a deputy in such office.

4. An application addressed to the board of county commissioners asking "for additional clerical assistance, asking you, that I be empowered to appoint a transcribing clerk, said clerk to receive such remuneration as may be fixed by the board, which remuneration shall be paid quarterly in the same manner as the salaries of the county officers are paid," under the provisions of Rev. Codes, sec. 2119, is broad enough to give the board or court hearing such application jurisdiction to authorize the clerk to appoint a deputy to render such clerical assistance.

(Syllabus by the court.)

APPEAL from the District Court of the Third Judicial District, for Boise County. Hon. Fremont Wood, Judge.

Appeal from a judgment of the district court reversing an order of the board of county commissioners, denying the application of the clerk of the district court and *ex officio* auditor and recorder for clerical assistance. *Affirmed.*

O. R. Woods, for Appellant.

Sec. 2119, Political Code, shows very clearly that the legislature distinguished between a deputy and a clerical assistant. (*Beam v. Jennings,* 96 N. C. 82, 2 S. E. 245; *In re Appropriations for Deputy State Officers,* 25 Neb. 662, 41 N. W. 643; *Wright v. Wheeler,* 30 N. C. 184; *Ellison v. Stevenson,* 22 Ky. (6 T. B. Mon.) 271.)

The findings in this case are not responsive to the issues as set out by the pleadings. The question before the court was whether or not there was a necessity for clerical assistance, and the finding of the court is that there is necessity for a deputy. Consequently such findings will not support a judgment. (*Carson v. Thews,* 2 Ida. 176, 9 Pac. 605; *Bowman v. Ayres,* 2 Ida. 305, 13 Pac. 346.)

Maurice M. Myers, for Respondent.

"An 'assistant' does not mean a 'deputy.' Clerks and other public officers have assistants who are not deputies. *Though a deputy is an assistant,* the word 'assistant' is more comprehensive than the word 'deputy,' including those who aid, whether sworn or not sworn, while 'deputy' embraces only the sworn class." (*Ellison v. Stevenson,* 22 Ky. (6 T. B. Mon.) 271.)

Hence in securing "deputy" when we asked for "clerical assistance," we got nothing different from what we asked—not more, but less, than we asked for.

STEWART, J.—On Jan. 9, 1909, the respondent, as clerk of the district court and *ex officio* auditor and recorder in and for Boise county, made application to the board of county commissioners of said county "for additional clerical assistance, asking you, that I be empowered to appoint a transcribing clerk, said clerk to receive such remuneration as may

be fixed by the board, which remuneration shall be paid quarterly in the same manner as the salaries of the county officers are paid.'' Accompanying this application was notice and proof of publication as required by sec. 2119 of the Rev. Codes. On Jan. 18, 1909, the board of county commissioners made the following record with reference to said application: ''The application of L. R. Dukes for a transcribing clerk is hereby laid over until the April meeting of the board.'' On Apr. 16, 1909, the board made the following record: ''The application of L. R. Dukes for additional clerical assistance is hereby laid over until the July meeting of the board for the reason that we find after examination of the office that the present force is sufficient to dispatch all record in a reasonable time and to properly execute the duties of the office.'' On July 10, 1909, the respondent addressed to the board a communication containing an argument in favor of his application filed with the board on Jan. 9, 1909, and in such argument called attention to the business of the office and its condition and the necessity for such assistance. On July 16th the board made the following record: ''The original application of L. R. Dukes, as *ex officio* auditor and recorder, filed Jan. 9, 1909, asking for additional clerical assistance, is hereby denied.''

From this decision of the board the respondent appealed to the district court. Before trial in the district court the prosecuting attorney of said county filed a motion to compel the plaintiff to elect as to which one of the two applications he would rely upon, to wit, the one filed Jan. 9, 1909, or the one filed July 10, 1909. This motion was denied by the trial court and the county commissioners filed an answer which in substance denied the necessity for allowing assistance to the respondent. The cause came on for trial in the district court and findings and judgment were entered in favor of the respondent.

The court found that the respondent made application to the board of county commissioners of said county at their January meeting, 1909, in accordance with law, and that said application was denied by the board on July 16, 1909; that the business of the office of the clerk of the district court and

*ex officio* auditor of said county requires the assistance of one additional deputy, and that the business of the office cannot be transacted properly without the assistance of such official, and entered the following judgment:

"Wherefore, by reason of the law and findings aforesaid, it is ordered, adjudged and decreed that the said order denying the said application of the clerk of the district court and *ex officio* auditor and recorder of Boise county, Idaho, made by the defendant board be set aside, and that said board authorize the said clerk of the district court and *ex officio* auditor and recorder of Boise county, Idaho, to employ one additional deputy, and that the said board fix a reasonable compensation for said deputy to be paid quarterly in the same manner as the salaries of the county officers are paid."

From this judgment the board of county commissioners appeal, upon the judgment-roll alone. The evidence taken in the district court is not presented to this court, and we are not advised as to the necessity for such assistance as shown by the evidence.

The prosecuting attorney urges four different reasons for a reversal of the judgment: First, contending that the district court had no jurisdiction to enter judgment allowing the respondent a deputy, because the respondent in his application asked for "clerical assistance"; second, that the findings of the court are defective because there is no finding as to the necessity for clerical assistance; third, that the judgment is defective because the findings and judgment are incorporated in the same document or paper and are not on separate pieces of paper; fourth, that the court erred in overruling the motion to elect.

We will consider these reasons in the reverse order to the assignment. An examination of the record does not show that the plaintiff made two separate applications. There was but one application, to wit, the one filed on Jan. 9th. The paper filed on July 10th was merely an argument presenting reasons why the application should be granted. There was no effort to comply with the statute in making what appellant calls the second application; no notice was given that the same would

be made, and it is apparent that the respondent did not present the same as an application, but merely as an argument or a brief statement of the reasons why the board should allow the respondent's application filed Jan. 9th.    There is nothing in the third contention for the reason that the statute does not require the findings and judgment to be on separate pieces of paper.    Sec. 4407, Rev. Codes, provides: "In giving the decision the facts found and the conclusions of law must be separately stated.    Judgment upon the decision must be entered accordingly."    Under this statute, the court makes its findings and conclusions of law and bases the judgment upon the same; but there is nothing in the statute requiring that the judgment should be written upon a separate piece of paper from the findings, and we are not advised of any reason why this should be required.    As long as the court complies with the statute by making findings and conclusions of law, and states them separately, followed by a judgment based thereon, it can make no difference whether they are written on one or two different pieces of paper.    Referring to the findings as to the necessity, it appears that the court did find, "that the business of the office of clerk of the district court and *ex officio* auditor and recorder of said office requires the assistance of one additional deputy."    While in this finding the court does not say that the necessity exists, yet in effect it does so find, and certainly in effect negatives the contention that the necessity does not exist.    We think the finding is sufficient.

The first contention, that the court had no jurisdiction to enter judgment allowing respondent a deputy, is based upon the claim that the respondent in his application asked for "clerical assistance"; and the board or court could not go beyond the application, that is, could only grant "clerical assistance."    The district court tried this case upon the application and the answer of the board wherein they put in issue the necessity for such assistance, and upon the evidence determined that the respondent should be authorized by the board to appoint a deputy.    It no doubt appeared to the trial court that whatever assistance was allowed, the respondent should be authorized in such a way that an undertaking should be re-

quired for the faithful performance of the duties of such assistant, and instead of designating the same merely a clerk or clerical assistant, the trial court no doubt thought it proper not only that the respondent should have some one to assist him in his office, but that such person should be a regularly appointed deputy. The authorization of the appointment of a deputy is the authorization of the appointment of clerical assistance. The mere fact that the clerk applied to the board for clerical assistance, under the provisions of Rev. Codes, sec. 2119, would not deny to either the board or the court jurisdiction to authorize such clerk to appoint a deputy to perform such clerical assistance, if the evidence showed such necessity. The application for clerical assistance, under this statute, is broad enough to authorize the appointment of a deputy to render such clerical assistance if the necessity appears therefor.

It would be a very narrow and technical construction to say that where an officer applied for help in his office, in order to serve the public and perform the duties of such office, the board could only give him the assistance in the technical sense in which he had described the same in his application, although the board after examining the conditions prevailing in the office deemed it for the public good that the assistance granted should have an official designation as deputy and be placed under bonds to insure his official duties, when such officer had only asked for a scrivener in writing the records of such office. This contention of appellant is too narrow and technical to receive our approval. We assume in this case that the evidence introduced in the trial court showed that a necessity existed, and because of such fact the trial court decided that the county commissioners should authorize the respondent to employ a deputy as assistant in his office who should give a bond for the protection of the public.

The judgment is *affirmed*.    Costs awarded to *respondent*.

Sullivan, C. J. and Ailshie, J., concur.