THE STATE, DEFENDANT IN ERROR, v. DAVID GRATZ, PLAINTIFF IN ERROR.

Submitted March 18, 1914—Decided November 3, 1914.

1. A charge on reasonable doubt considered and held not obnoxious to criticism as "confusing."
2. An acquittal by a jury in a municipal police court under an ordinance aimed only at disorderly conduct in public places, will not support a plea of *autrefois acquit* to an indictment for assault and battery, although the complaint incidentally set out matters of fact that would if substantiated show that assault and battery had been committed.
3. Whether a municipal ordinance providing a penalty for assault and battery as such would be constitutionally valid, *quœre*.

---

On error to the Cumberland Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KALISCH.

For the state, *J. Hampton Fithian,* prosecutor of the pleas.

For the plaintiff in error, *John W. Wescott.*

The opinion of the court was delivered by

PARKER, J. The plaintiff in error was convicted of assault and battery and brings this writ of error.

The case is submitted on briefs and the first point made is that the trial judge erred in his charge on reasonable doubt, which was as follows:

"Reasonable doubt is not any doubt which you may entertain, but is such a doubt as reasoning men entertain after a consideration of the entire testimony in the case, both on the part of the state and on the part of the defendant. If after consideration you still entertain that doubt, the law directs that you should give the defendant the benefit of it and acquit him. If, however, you have no such doubt and are convinced, it is your duty, under your obligation, to convict."

This is criticised as "confusing," but to us it seems reasonably plain, and no other objection is made to it.

Next, it is said that the court erred in sustaining the state's demurrer to a plea of *autrefois acquit.* The practice is settled. *State* v. *Rosa,* 72 *N. J. L.* 462. The plea set up that plaintiff in error had been arraigned, tried before a jury of twelve men, and acquitted upon a complaint made before the mayor of Vineland, charging defendant with violating section 1 of an ordinance of that borough, "to prevent riots, disturbances, breaches of the peace and disorderly assemblages in the streets or in any house or place in the borough, and to preserve peace and good order." Section 1 reads as follows:

"That if any person shall congregate or assemble in a riotous or disorderly manner in the streets, public places or public halls, or if any person or persons shall at any time be found upon the streets, sidewalks, steps or platforms of stores, groceries, saloons, public halls, churches or railroad stations,

or within or around any building, dwelling-house or public place within said borough, behaving in a disorderly manner, by drunkenness, by using profane or indecent language, by making insulting remarks to or comments on others or unnecessarily congregating in groups upon the streets, sidewalks or other public places, to the obstruction thereof, or to the annoyance of passers-by, or by unnecessarily doing or performing any other thing whatsoever that would disturb the peace and quiet of any family, neighborhood or any of the inhabitants of the said borough, he or they shall be liable to a fine of not exceeding twenty dollars, or imprisonment in the borough lock-up or the county jail for a term not exceeding ninety days, in the discretion of the mayor."

The complaint was that the defendant, with other persons, did at the time and place specified therein "act and behave in a riotous and disorderly manner in the said street, in the borough of Vineland, without necessity and without just provocation or justification, by assaulting and attempting to kill this deponent and by using a blackjack and striking this deponent therewith on his head and face and thereby endangering the life of this deponent and then and there doing him great bodily injury and thereby disturbing the peace and quiet of the neighborhood and of the inhabitants of the said borough of Vineland and thereby obstructing that portion of the said street in the said borough of Vineland used as a sidewalk for the passage of pedestrians, to the great injury and annoyance not only of this deponent but of other passers-by, and this deponent avers that the said David Gratz has violated the provisions of section No. 1 of ordinance No. 4 of the said borough of Vineland" &c.

The plea was properly adjudged insufficient. Whatever may be set up in the complaint with respect to the alleged assault with the blackjack, the mayor's court had in any case no broader jurisdiction than that conferred by the section of the ordinance that is invoked, and a reading of that section discloses plainly that it is aimed, not at criminal offences for which the accused is entitled to the action of a grand jury, but to the trivial offence of disorderly conduct on the public

streets. The only language that could embrace the offence of assault and battery is the general clause "or by unnecessarily doing or performing any other thing whatsoever that would disturb the peace and quiet of any family, neighborhood, or any of the inhabitants of said borough." But this is to be construed in conformity with the maxim *noscitur a sociis*, and so construed, the entire section is substantially identical with section 3 of the "Act concerning disorderly persons." *Comp. Stat.*, p. 1927; *Pamph. L.* 1912, p. 161. The acquittal in the mayor's court, therefore, was not an acquittal of the misdemeanor of assault and battery, but of simple disorderly conduct.

This makes it unnecessary to consider the question whether if the ordinance had been directed to the offence of assault and battery, it would have been constitutional. The point has been considered in relation to other offences (*Howe* v. *Plainfield*, 37 N. J. L. 145; *State* v. *Anderson*, 40 *Id.* 224; *Meyer* v. *State*, 41 *Id.* 6; 42 *Id.* 145; *State* v. *Zeigler*, 46 *Id.* 307; *State* v. *Terry*, 72 *Id.* 375; 73 *Id.* 554; *Atlantic City* v. *Rollins*, 76 *Id.* 254); but, in the case at bar it is not before us, and we express no opinion on it.

The judgment will be affirmed.