HOWARD S. DECK, PROSECUTOR, v. GASTON BELL ET AL., RESPONDENTS.

Argued February 3. 1917—Decided February 8, 1917.

Where a petition for a license to keep an inn and tavern was in the usual form, excepting a provision attached thereto reciting that the *locus in quo* is "a picnic or recreation ground of more than one acre," and there was evidence before the Court of Common Pleas from which that court might properly conclude that the *locus in quo* was of such character, the license so granted, although in the usual form for the keeping of an inn and tavern, is, in fact, a license for "a picnic or recreation ground comprising at least one acre" under the exceptions mentioned in chapter 280 of the laws of 1913 (*Pamph. L., p.* 574), which is intended to limit the granting of licenses for inns and taverns according to a basis of five hundred of population to one inn or tavern.

On writ of *certiorari* to vacate a license to keep an inn and tavern in the township of Wayne, in the county of Passaic.

Before Justice MINTURN.

For the motion, *William Gourley.*

*Contra, G. Rowland Munroe.*

MINTURN, J.  A writ of *certiorari* was granted to review
the proceedings of the Passaic Common Pleas, granting a
license to keep an inn and tavern to Gaston Bell, in the
township of Wayne, in the county of Passaic.  The petition
for the license was in the usual form, except a provision
attached thereto reciting that the *locus in quo* is "a picnic
or recreation ground of more than one acre."

This *addendum* was intended to bring the applicant within
the provisions of chapter 280 of the laws of 1913 (*Pamph. L.,
p.* 574), which is intended to limit the granting of licenses
for inns and taverns according to a basis of five hundred of
population to one inn or tavern, excepting in certain specified
instances among which is "a picnic or recreation ground
comprising at least one acre."

No question is made as to the character of the applicant,
or of the place, the sole contention of the remonstrance being
that the township at present is sufficiently supplied with
inns and taverns, and that while the application is in effect
for a license to keep a picnic or recreation place, under the
exception contained in the act of 1913, the license granted
by the Common Pleas was specifically for the keeping of an
inn or tavern, and was therefore invalid.

The act is obviously a prohibitory act within defined limi-
tations.  Its plain intent was to restrict the granting of li-
censes to a basis of population in all municipalities, except
in certain specified instances, among which is the picnic or
recreation ground of at least one acre.

It will be observed that the act provides generically for
the granting of a license for an inn and tavern, and for
nothing else.  "No license to keep an inn or tavern" is the
mandatory language, limiting the granting of licenses to a
status based upon population.  "But," the act continues,
"this prohibition shall not apply to any premises," and then

follows a statement of the exempted classes, *inter alia,* the one in question.

It may well be, as counsel for the remonstrants contends, that the license should be issued to one of the excepted classes, *eo nomine*: Such a procedure would certainly be consistent with the actual status presented, for instance, in the excepted class of a club or an association, which have never been accorded the designation of an inn or tavern. But the act seems to retain the common law generic designation for all licenses issued under its provisions, and therefore the validity of the license cannot be successfully challenged upon that ground.

It need only be added that support for this construction of the act is contained in the views expressed by Mr. Justice Kalisch, for this court, in *Fort* v. *Common Pleas,* 89 *N. J. L.* 144.

This act received its initial construction in this court, in *Tilton* v. *Common Pleas of Ocean,* 87 *N. J. L.* 47; 92 *Atl. Rep.* 87, and it was there held that the advertising requirement of the act, based upon the population provision, was discretionary with the Court of Common Pleas, and that an order made thereunder was not reviewable here.

This construction is consistent with the views entertained by this court in the earlier cases, under the prior inn and tavern legislation. Thus in *Barnegat Beach Association* v. *Busby,* 44 *N. J. L.* 627, it was held that where the Common Pleas has jurisdiction to grant licenses, under the act concerning inns and taverns, this court will not on *certiorari* review such discretion, in granting or refusing licenses, or look into the facts upon which the discretion is exercised. To the same effect is *Smith* v. *Corbett,* 59 *Id.* 584, and *Houman* v. *Schulster,* 60 *Id.* 132.

In the case *sub judice,* there was evidence from which the Common Pleas might properly conclude that the *locus in quo* contained a picnic or recreation ground of an acre in extent, so as to bring it within the contemplation of the legislative exception. Upon this hearing it must be assumed;

under the adjudications referred to, that the trial court so found.

It is urged that the act of 1899, chapter 77, is in *pari materia* with the act of 1913, and must be considered in defining the term "park" and "recreation grounds," as used in the latter act. The act of 1899 consists of a distinct title in nowise related to the subject of inns and taverns, with which the legislation *sub judice* is intended to deal. It applies entirely to corporations "managing parks, picnic and pleasure grounds," and apparently segregates such localities for licensing purposes when managed by a corporation from the common law category of an inn and tavern, as defined by law and utilized in practice by the individual, under the modern requirements and modifications of the ordinary existing excise legislation as derived from the common law, and the earlier statutory regulations of the subject. *Leeds* v. *Altreuter,* 84 *N. J. L.* 722.

These conclusions lead to a dismissal of the writ, but without costs.