STATE, Respondent, v. RASMUSSON, Appellant

(34 N. W.2d 923.)

(File No. 8995. Opinion filed December 2, 1948)

**Sigurd Anderson,** Atty. Gen., **Phil M. Rensvold, Jr.,** Asst. Atty. Gen., and **Jerry Maher,** State's Atty., and **Thomas J. Barron,** Deputy State's Atty., both of Sioux Falls, for Plaintiff-respondent.

**Lacey & Perry,** of Sioux Falls, for Defendant-appellant.

RUDOLPH, J. The defendant was convicted of manslaughter in the second degree and has appealed. The information upon which the conviction was based charges that the defendant "while in an intoxicated condition and while under the influence of intoxicating liquor, did wilfully, unlawfully, wrongfully and feloniously drive and operate a motor vehicle, * * * upon a public highway in the City of Sioux Falls, in said County and State, and did, without justifiable or excusable cause and without design to effect death, drive said motor vehicle into and upon one Mary Lou Cook, a human being, then and there on said highway, injuring, bruising and wounding the said Mary Lou Cook, from which said injuries, bruises and wounds, the said Mary Lou Cook thereafter died, and said defendant did then and there and by said means, commit the crime of manslaughter in the second degree, contrary to the form of the statute in such case made and provided and against the peace and dignity of the State of South Dakota."

Defendant's demurrer to this information was overruled and defendant has assigned as error this ruling of the trial court. It is contended that the information is faulty because it fails to allege in so many words that the operation of the motor vehicle by defendant while intoxicated was the proximate cause of the death of Mary Lou Cook. This court on numerous occasions has pointed out that rules of criminal pleading in this state have yielded to simplification and has given effect to the provisions of SDC 34.3010(6) which provides that an information is sufficient if "* * * the offense charged is designated in such a manner as to enable a person of common understanding to know what is intended." The most recent pronouncement in this regard was in the case of State v. Sinnott, 72 S. D., —, 30 N. W.2d 455. Under the rule announced in the Sinnott case and the statutory provisions this information is not vulnerable to the attack of the defendant. The information alleges the death of Mary Lou Cook as the result of being struck by a motor vehicle driven by defendant while intoxicated and then alleges that "by said means" defendant committed the crime of manslaughter in the second degree. If the allegation that

"by said means" defendant committed this crime is not a specific allegation that the driving of defendant while intoxicated was the proximate cause of the death of Mary Lou Cook, it is, nevertheless, an allegation such as to enable a person of common understanding to know that it was intended to allege that defendant's act in driving while intoxicated was the proximate cause of the death and such is all that the statute requires.

Defendant further contends that the court erred in refusing to submit to the jury as an included offense the crime of driving while intoxicated. SDC 34.3669 provides: "The jury may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged in the indictment or information, or of an attempt to commit the offense charged."

■ Driving while intoxicated is not an offense included within the manslaughter charge of this information. The two offenses are not the same nor, in our opinion, are they such related offenses as to include one within the other. The proof of driving while intoxicated was merely part of the evidence of the unlawful killing. The two offenses simply stem from the same occurrence but they are not the same either in law or fact. They differ both in grade and kind. It is stated in 22 C. J. S., Criminal Law, § 295: "* * * a failure of a motorist to stop, give his name, and render assistance after an accident is not included within or related to the crime of manslaughter, and prosecutions for both offenses do not constitute double jeopardy; and such rule applies to driving in a careless and reckless manner while intoxicated and manslaughter; * * *". The courts are in accord on the question. People v. Herbert, 6 Cal.2d 541, 58 P.2d 909; State v. Midgett, 214 N. C. 107, 198 S. E. 613; Usary v. State, 172 Tenn. 305, 112 S. W.2d 7, 114 A. L. R. 1401; State v. Yuse, 191 Wash. 1, 70 P.2d 797; People v. Townsend, 214 Mich. 267, 183 N. W. 177, 16 A. L. R. 902; State v. Empey, 65 Utah 609, 239 P. 25, 44 A. L. R. 558; Henson v. Commonwealth, 165 Va. 829, 183 S. E. 438; Commonwealth v. Jones, 288 Mass. 150, 192 N. E. 522; Commonwealth v. McCan, 277 Mass. 199, 178 N. E. 633, 78 A. L. R. 1208.

The defendant does not question the sufficiency of the evidence to sustain the verdict. However, he does contend that the evidence is "patently inconclusive" and that certain alleged errors in the reception and injection by the court and in the court's instructions were prejudicial to the defendant.

■ Appellant first complains of the reception in evidence of the picture of the deceased. It appears that this exhibit was withdrawn from the case and it does not appear that it was ever presented to or seen by the jury. Under these circumstances it is clear that this exhibit was not shown to be prejudicial.

■ Appellant also complains that the trial court limited the scope of cross-examination to a point where it was prejudicial error. The principal complaint in this regard relates to the witness Gibson. Mr. Gibson is a police officer of the city of Sioux Falls and testified that when defendant was brought to the police station he was under the influence of intoxicating liquor. However, on cross-examination it appeared that Mr. Gibson had qualified as an expert in making a test of the blood of a human being to determine its alcoholic content. It further appeared that Mr. Gibson had made this test on the defendant with defendant's permission shortly after he was brought to the station. On cross-examination this witness was asked with regard to the standard used by the National Safety Council in determining intoxication from the content of alcohol in the blood. The court first rejected this testimony on cross-examination and counsel for defendant made an offer of proof. Thereafter it appeared from questioning by the court that the standards of the National Safety Council were used by the witness in connection with his work in the police department. The court then in effect changed its ruling and permitted the witness to testify fully under cross-examination as to these standards and the amounts of alcohol in the blood which would disclose intoxication. Whether it would have been error to refuse this examination as the court apparently did in the first instance is now purely academic

because the witness was permitted to testify fully under cross-examination.

■ The scope of cross-examination rests in the sound judicial discretion of the trial court. We have considered appellant's other assignments relating to the limitation of the cross-examination and find no abuse of discretion in the rulings of the trial court.

■ The court instructed the jury on proximate cause, and advised the jury that "to find the defendant guilty it must be found that the death of Mary Lou Cook was proximately caused by reason of the driving by defendant of his automobile while in an intoxicated condition." The court further instructed that if the death was caused by the act of the deceased in crossing the street against the stop or red light then the defendant would not be guilty. These instructions fairly advised the jury upon the issue of proximate cause, and it was not error to refuse the more detailed instructions submitted by appellant upon this issue.

■ Riding with the defendant at the time in issue was his brother-in-law, Donald Fanebust. Fanebust, as a witness for the defendant, gave his version of the accident. On direct examination Fanebust testified regarding the amount of liquor consumed by himself and the defendant preceding the accident. On cross-examination he admitted he was intoxicated at the time. He was then asked whether because of this occurrence he was convicted of intoxication. Over objection by defendant which was overruled by the court he answered in the affirmative. We are convinced that the testimony of this conviction, even if erroneously admitted, when considered in the light of the whole record could not have been prejudicial to the defendant. The intoxication of the witness was admitted, the fact that he was convicted of this condition could neither add to nor detract from the admitted fact. Appellant cites the case of Flathers v. Wilson & Co. et al., 62 S. D. 548, 255 N. W. 149, but that case is not controlling. In the Flathers case the facts upon which the conviction was based were not competent or material upon any issue of the case, and were clearly prejudicial to the rights of the defendant. In this case the facts

upon which the conviction was based were admitted and material in that the intoxication of the defendant would reflect upon the ability of the defendant to see and discern those things about which he testified. Note, 16 Ann. Cases 368. Appellant also cites the case of State v. Bachelor, 67 S. D. 259, 291 N. W. 738, 741, which held that "The plea of guilty by, or the conviction of one person of the commission of a crime, or a record of such plea, does not establish the fact that such crime was committed as against any other person, and is not admissible as tending to prove such fact." In this case, as stated above, the fact of intoxication was material and admitted, and the conviction added nothing to the admitted fact. Nor was there any attempt here, as in the Bachelor case, to prove the crime charged by proving the conviction of or plea of guilty by one jointly charged.

Other alleged errors have been considered, but further discussion is deemed unnecessary. The record discloses that the defendant had a fair trial and was fairly convicted.

The judgment appealed from is affirmed.

All the Judges concur.