## ROBERTS v. ROBERTS.
### No. 7440.

Supreme Court of Idaho.

Dec. 15, 1948.

J. H. Felton and William J. Jones both of Lewiston, for appellant.

Earle W. Morgan, of Lewiston, and Paul Eimers, of Grangeville, for respondent.

HYATT, Justice.

Appellant by complaint and respondent by cross-complaint each sought a divorce on the ground of exteme cruelty. At the close of the trial, upon which both parties produced evidence, the judge after denying appellant's motion for a non-suit as to the cross-complaint, remarked in substance that he considered it extreme cruelty for a husband to institute a divorce action against the wife charging her with improper marital conduct when he had no evidence whatsoever to justify such charge and that here there was absolutely no proof by the plaintiff of his charges. He further said: "I am going to give the chance for that question to be presented to the Supreme Court,—as to whether or not, when a man starts a divorce action, charging certain things against his wife, by which she is compelled to come into court to defend her character, if that constitutes cruelty, and I think it should. * * * Now, I think that when he started that action for divorce, without grounds for divorce, without any cruelty alleged or proven,—counsel knows just as well as I do—Now, as far as the statute itself is concerned, it's a very close question as to whether or not the Court could say,— while you have no statute covering that, nevertheless I think Idaho should just as well adopt the doctrine that a woman's character should be protected by all means, and

that whenever somebody starts an action in divorce in the State of Idaho that brings about a reflection upon the character of a woman, without adequate grounds, that that should be treated as the grossest kind of cruelty, and it is."

After further similar remarks, he closed with this statement: "The finding of the Court in this case is that the divorce is granted to the Cross-plaintiff; that the property is set aside to her; and that she is entitled to her costs."

Counsel for appellant then requested that the remarks be incorporated in the record and substituted for findings of fact and conclusions of law. Counsel for respondent objected and requested the court to specifically find as to the various acts of cruelty alleged in respondent's cross-complaint. Thereupon the court said: "Mr. Morgan, the Court will decline your request. * * * I think Mr. Felton is entitled to it. Mr. Felton is waiving Findings of Fact and he is waiving them on the condition that the Court, as the basis of the decision, —that his remarks shall be treated as filed. I want to see it appealed."

Four days later a decree was entered denying the plaintiff's prayer for a divorce and granting respondent a divorce on the ground of extreme cruelty and awarding her the community property. The preamble of the decree recites in part: "* * * and the Court having heard the arguments of the respective counsel, and the case having been submitted to the Court for decision, and the Court having made and entered its findings of fact and law herein * * *."

The findings of fact and conclusions of law referred to do not appear in the transcript although a copy of the remarks of the trial judge certified by the court reporter were filed by appellant's attorney with the clerk seven days after the entry of the decree. Upon oral argument, appellant's attorney, in response to our question, stated that findings and conclusions, in which the Court found the facts as alleged in the cross-complaint, were filed with the decree.

Appellant first assigns as error the granting of a divorce and the awarding of the community property to respondent "for the reason that the only basis announced for the Court's decision was the fact that appellant herein had brought suit against her for divorce".

Appellant's other assignments of error will not be considered since he has cited no authorities in support thereof nor was any discussion had thereon in the briefs or oral argument. Thompson v. Walker, 56 Idaho 461 at page 464, 55 P.2d 1300; Louk v. Patton, 58 Idaho 334 at page 343, 73 P.2d 949.

It should be noted that Sec. 11-212, I.C.A., requires an appellant, on an appeal from a final judgment, to furnish this Court with a copy of the judgment roll, which, in this case, under Sec. 7-1107, I.C.A., includes the findings of the trial court. This

court may, under Sec. 11-217, I.C.A., dismiss an appeal where appellant fails to furnish the requisite papers.

The remarks and statements of the trial court cannot be treated as findings of fact and conclusions of law.

■ Section 7-302, I.C.A. provides:

"7-302. Trial of question of fact—Decision of Court.—Upon a trial of a question of fact by the court, its decision must be given in writing and filed with the clerk within twenty days after the cause is submitted for decision.

"7-303. Findings of law and fact separately stated—In giving the decision, the facts found and the conclusions of law must be separately stated. Judgment upon the decision must be entered accordingly."

Under these sections the decision means the findings of fact and conclusions of law made by the court, not including the judgment. Caldwell v. Wells, 16 Idaho 459, 101 P. 812. Blaine County Inv. Co. v. Mays, 52 Idaho 381, 384, 15 P.2d 734.

In Forsman v. Holbrook, 47 Idaho 241, 245, 274 P. 111, 112 this Court said: "Upon authority and reasoning, it must be concluded that the 'decision' referred to in C.S., §§ 6887, 6888, and 6890, in a case tried by the court without a jury, and decided upon an issue of fact, is a decision 'given in writing and filed with the clerk,' consisting of the facts found and the conclusions of law (C.S. § 6867), unless findings of fact are waived (C.S. § 6868)."

In Hamilton v. Spokane P. R. Co., 3 Idaho 164 at page 167, 28 P. 408, 409, the court stated: "* * * Said section requires the trial court, when a case is tried to the court without a jury, to give its. decision in writing, in which the facts found and the conclusions of law applicable to such facts must be separately stated. The decision should not contain a statement of the case and the reason for the decision.. * * * The 'decision' should contain only the ultimate facts established by the evidence, and the conclusions of law resulting therefrom, and nothing more."

In Stewart Mining Co. v. Ontario Mining Co., 23 Idaho 724 at page 736, 132 P. 787, 792, the judge at the close of the trial, made from the bench certain oral statements in which he found that the southerly sideline of a certain claim involved in the litigation was in fact an end line. Such oral finding was assigned as error. This court said: "* * * but for the purposes of disposing of this assignment of error it is sufficient. to say that, under the statutes of this state and the rule of law frequently announced by this court, *these remarks or observations of the trial court were no part of the decision of the court.* The decision consists of the findings of fact and conclusions of law, which must be in writing and filed with the clerk." (Emphasis added.)

■ Sec. 7-303, I.C.A., supra, contemplates and requires that findings of fact and conclusions of law should ordinarily be filed

preceding or contemporaneously with the judgment based thereon. See Dukes **v.** Board of Commissioners of Boise County, 17 Idaho 736, at page 740, 107 P. 491.

■ Filing of findings of fact or conclusions of law, or both, subsequent to the entry of judgment should ordinarily be with consent of opposing counsel or made nunc pro tunc on order of the court therefor after notice to opposing counsel. See Pappas v. Taylor, (138 Wash. 31), 244 P. 393; Norton v. Pomona, (5 Cal.2d 54), 53 P.2d 952; Ravany v. Equitable Life Assur. Soc. of United States, (26 N.M. 514), 194 P. 873.

■ We cannot take the remarks of the trial judge as findings and conclusions for the reason that they were not filed prior to or contemporaneously with the judgment or by the judge and further under the rule laid down in Hamilton v. Spokane R. R. Co., supra, they are an opinion rather than a decision as that term is used in section 7-302, I.C.A., supra, and finally, as admitted by counsel, the court made written findings and conclusions which were filed with the decree.

■ Assignments of error directed against an oral or written opinion of the trial court are not assignments against the decision of the court, and cannot and will not be reviewed on appeal. Stewart Mining Company v. Ontario Mining Co., supra, Corker v. Cowen, 30 Idaho 213 at page 215, 164 P. 85. See also in re Common School

District 18 et al, 52 Idaho 363 at page 366, 15 P.2d 732.

Decree affirmed. Costs to respondent.

GIVENS, C. J., HOLDEN, J., and TAYLOR and SUTPHEN, Dist. JJ., concur.