211 P.2d 148

**JOHNSON et al. v. BENNION.**
No. 7549.

Supreme Court of Idaho.
Nov. 2, 1949.

34

Albaugh, Bloem & Hillman, Idaho Falls, for respondents.

Alvin Denman, Idaho Falls, for appellant.

GIVENS, Justice.

May 1, 1946, appellant optioned to respondents two oil trucks and trailers for

$6,000 paid down, extension of the option conditioned on seriatim payments of $850 at sixty-day or multiples of thirty-day periods until the total purchase price of $32,400 should be paid, which could be paid in toto at any time, certificates of title to then issue to respondents; respondents were not obligated to continue payments and if not made, the contract to become void.

At the same time an operations contract was made whereby respondents were to exclusively and personally operate the equipment from May 1, 1946 to November 1, 1948, between such termini in Idaho, Utah and Montana as appellant should designate, for 25¢ per mile, respondents bearing all expenses of operation, upkeep and insurance. The equipment was thereupon and thereby delivered to respondents, who began hauling and paying.

About March 12, 1947, appellant, claiming respondents had failed to timely pay, damaged the equipment and forefeited their option, repossessed the equipment without process. August 7, 1947, respondents sued for $11,933 damages, asserting wrongful conversion by appellant; that the equipment was worth $32,400, and that $20,467 was all that remained due. Appellant answered and cross complained, alleging no payments had been made after January 1947, abandonment in November 1946 of one truck and trailer, successive wrecking and damaging of the equipment amounting to $3,900; loss of use, $2,600

less $2,801.38 received from insurance; refusal of respondents to operate between termini designated by appellant, occasioning substitute hauling costing him $3,250; failure to pay a note given December 31, 1946, in payment of the 1946 installment, and $200 attorney's fees for its collection; payment of $226 plus six percent interest from March 11, 1947, for license fees paid by appellant in Montana to avoid distraint of the equipment; and asked judgment for the sums above enumerated.

The cross complaint was denied and upon the trial, respondents recovered verdict and judgment for $10,527.22 and interest.

The equipment is now in possession of appellant. Appellant, as grounds for appeal, challenges the admission of evidence of modification and waiver, but does not point out or designate what evidence is thus objectionable, hence we need not consider such assignment. Burton v. Bayly, 50 Idaho 707 at pages 709–710, 300 P. 359; Bloxham v. Robinson, 67 Idaho 369, 181 P.2d 189.

Appellant assigns the giving of Instruction No. 10 as error, but does not argue the point or present any authorities relative thereto, so likewise, that assignment may be disregarded.

The assignments that the court erred in denying appellant's motion for non suit, judgment non obstante veredicto, and new trial and the giving of Instructions Nos. 12, 13, 14 and 15, may be considered all

together as they are more or less intermingled in the argument in the brief.

 While appellant seeks to separate the option and the operations contracts and contends that under the option contract, respondents had no right of possession, the law is clear that where instruments are executed at the same time, by the same parties and for the same purpose, they are in effect the same instrument and are read and construed together. Stone v. Bradshaw, 64 Idaho 152, 128 P. 2d 844; Durant v. Snyder, 65 Idaho 678, 151 P.2d 776. Appellant injected both instruments into the case in his cross complaint and it is obvious that the two are part and parcel of the same transaction and definitively define the parties' relative interest and rights, their legal effect being to give respondents the right of possession of the trucks and trailers as long as they made the payments under the option contract and hauled in compliance with appellant's requests.

 Instruction No. 12[1] was a clear and correct statement of the force and effect of the option contract.

Instruction No. 13 was in line with and in substance stated the correct rule of law as heretofore stated in Sullivan v. Burcaw, 35 Idaho 755, 208 P. 841; Seeley v. Security Nat. Bank, 40 Idaho 574, 235 P. 976, and approved and reiterated in Stringer v. Swanstrum, 66 Idaho 752, 168 P.2d 826.

Instruction No. 15 was in line with the correct rule as to the law of waiver and the above authorities.

 Appellant insistently argues that since a certificate of title to the equipment was not given to respondents in accordance with Sec. 49-404, I.C., they had no right to bring the action. Obviously that Section does not apply to the transaction herein and was initially so recognized by appellant, because he delivered possession of the vehicles to respondents in order that they might carry out the terms of the operations contract. It is unnecessary to exactly de-

1. "The 'option contract' in evidence in this case provides that the option to purchase therein contained may be extended for thirty day periods, by the payment in advance by plaintiffs to defendant of the sum of eight hundred, fifty dollars for each thirty day period of extension; and that if the plaintiffs fail to extend the option by making the monthly payments or any one of them, then the option shall be void and of no effect.

"This is a valid agreement. If you should find from the evidence that plaintiffs failed to make the payment required to keep the option in effect for the thirty day period following March first, Nineteen, forty-seven, then the defendant would be entitled to forfeit the contract and repossess the property. And if you so find then your verdict will be for the defendant and against the plaintiffs on the issues raised by plaintiffs' complaint and defendant's answer thereto, unless you find that the defendant has waived his right to such forfeiture under the rules of law given you in the next instruction." Instruction No. 12.

fine the relationship between the parties: whether bailor and bailee, seller or purchaser. The transaction as contained in the two instruments was essentially a simple one and so presented to the jury and upon conflicting evidence they found on all the issues in favor of respondents. By the operations contract the respondents, as long as they were not in default, whether because they had paid or appellant had waived strict performance—thus not being entitled to declare a forfeiture without giving notice and allowing respondents an opportunity to purge themselves of fault—had sufficient right of possession under the authorities cited by appellant to bring the action. Portland Seed Co. v. Clark, 35 Idaho 44, at page 47, 204 P. 146; Schlieff v. Bistline, 52 Idaho 353, 15 P.2d 726.

The court's Instruction No. 14 as to respondents' measure of damages is identical with the rule pronounced in Commercial Standard Ins. Co. v. Remay, 58 Idaho 302 at page 311, 72 P.2d 859, 120 A.L.R. 1.

The judgment is affirmed. Costs awarded to respondents.

HOLDEN, C. J., and PORTER and KEETON, JJ., and GLENNON, District Judge, concur.