20 N.J. Super. 354 (1952)
90 A.2d 43
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
RAY L. SHOOPMAN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 5, 1952.
Decided June 20, 1952.
*356 Before Judges EASTWOOD, BIGELOW and FRANCIS.
Mr. Harold T. Parker argued the cause for the plaintiff-respondent.
Mr. James M. Davis, Jr., argued the cause for the defendant-appellant.
The opinion of the court was delivered by FRANCIS, J.C.C.
The problem here is whether or not defendant's plea of autrefois acquit to an indictment charging him with causing the death of one Juanita Shoopman in violation of R.S. 2:138-9 should have been sustained.
On February 15, 1951, the defendant, while driving an automobile on a public highway in the Township of Mansfield, Burlington County, New Jersey, was involved in an accident. On the same day a complaint was made in the Mansfield Township Municipal Court charging him with violation of section 96 of the Motor Vehicle Act (R.S. 39:4-96) in that he drove an automobile carelessly and heedlessly in wanton disregard of the rights and safety of others. Trial thereon on March 15, 1951, resulted in acquittal.
On May 24, 1951, an indictment was returned against him, charging that on February 15, 1951, in the Township of Mansfield he "unlawfully did cause the death of one Juanita *357 Shoopman, by driving an automobile carelessly and heedlessly in wanton disregard of the rights and safety of her, the said Juanita Shoopman, contrary to the provisions of R.S. 2:138-9."
To this indictment the defendant interposed a plea of autrefois acquit which the prosecutor moved to dismiss. The plea asserted, among other things, that the complaint for reckless driving was based upon the same acts, omissions and evidence as the indictment. The prosecutor by his motion, which is the modern counterpart of a demurrer, in legal effect admitted this statement; likewise in his brief and on the oral argument he conceded that, except for the additional proof of the death, the evidence in support of the indictment would be the same as that offered in furtherance of the reckless driving charge.
The trial court dismissed the plea and this appeal followed.
Article I, paragraph 11 of the Constitution of 1947, which follows the substance of the Fifth Amendment of the United States Constitution, provides:
"No person shall, after acquittal, be tried for the same offense."
The critical and decisive word is "same." It is only when an effort is made after acquittal to prosecute the defendant for the "same" offense, as that word has been defined in many cases, that the constitutional bar attaches.
The test of identity of offenses is whether the same evidence is required to sustain them; if not, then the fact that both charges relate to and grow out of one transaction does not make out a single offense where two are defined by the statutes. Morgan v. Devine, 237 U.S. 632, 35 S.Ct. 712, 59 L.Ed. 1153 (1914); State v. Labato, 7 N.J. 137 (1951).
In the cases under consideration are the offenses identical in law and in fact? Would an acquittal of the one show that the defendant could not have been guilty of the other (State v. Cooper, 13 N.J.L. 361 (Sup. Ct. 1833)?
*358 The reckless driving section of the Motor Vehicle Act, supra, says:
"A person who drives a vehicle on a highway carelessly and heedlessly, in willful or wanton disregard of the rights or safety of others, or without due caution and circumspection, and at a speed or in a manner so as to endanger, or be likely to endanger, a person or property, shall be guilty of reckless driving * * *." (Italics ours.)
The statute on which the indictment is based is part of the Crimes Act and follows:
"Any person who shall cause the death of another by driving any vehicle carelessly and heedlessly in willful or wanton disregard of the rights or safety of others shall be guilty of a misdemeanor;" (R.S. 2:138-9) (Italics ours).
While the language used is substantially the same in the two enactments, the Motor Vehicle Act concerns itself with a manner of driving which is declared to be reckless; it is designed to safeguard the public generally against such driving without regard to whether or not any individual member of the public is actually injured or killed as the result thereof. Violation is not a crime but calls for the imposition of a penalty on the offender. The Crimes Act adopts substantially the definition of reckless driving laid down by the Motor Vehicle Act but ordains that when such driving causes the death of a particular person, guilt of a crime comes into being. Thus it is obvious that a driver can be guilty of reckless driving without ever having come in contact with any person or property. Proof alone of the condemned manner of driving establishes the offense. A motorist who drove at a high rate of speed down a busy thoroughfare, cutting in and out of a line of traffic, might well be declared in violation of the act on a finding that such conduct constituted a wanton disregard of the rights or safety of others. The offense would be complete before injury or death was inflicted upon any one. Under these circumstances proof of the death would not be a prerequisite to a *359 conviction for reckless driving; such proof could be omitted entirely or it could be proved simply to characterize the manner of driving, without affecting the possibility of a conviction or the propriety thereof.
This view finds some support in State v. Rodgers, 91 N.J.L. 212 (E. & A. 1917). There the defendant was charged with driving an automobile on a public street while under the influence of intoxicating liquor in violation of L. 1913, c. 67, p. 103, which declared such person to be a disorderly person. His conviction was set aside in the Supreme Court on the ground that the evidence showed him to be guilty of the offense of public nuisance, indictable at common law, and hence the recorder had no jurisdiction. The Court of Errors and Appeals reversed the Supreme Court, saying, in part:
"It will be seen, therefore, that the statutory offense of driving an automobile upon a public street while under the influence of intoxicating liquor differs from a public nuisance in this: The former is complete when the thing prohibited by the statute has been done, whether with or without inconvenience or annoyance to the public, whilst the latter offense is not committed unless and until there is an inconvenience or annoyance to the public."
On the other hand, under the Crimes Act the careless and heedless driving in willful or wanton disregard of the rights of others is related to its effect upon a particular person and if it is responsible for his death a crime exists. A conviction of reckless driving cannot be had under an indictment for death by reckless driving. Cf. State v. Thomas, 65 N.J.L. 598 (E. & A. 1901). Original jurisdiction over violations of the Motor Vehicle Act is in the municipal courts. (Cf. Commonwealth v. Bergen, 134 Pa. Super. 62, 4 A.2d 164, at p. 168 (Super. Ct. 1939). However, a defendant might well be acquitted of the crime and yet be guilty of the violation of the act, and subsequently tried and convicted thereof in the municipal court. As already indicated, the offense of reckless driving is or may be complete before any injury or death occurs. Moreover, while *360 the contributory negligence of the deceased is not a defense to the indictment, yet his conduct at the time of the accident may be shown and if that conduct is found by the jury to have been the efficient, producing cause of the death, the defendant is entitled to an acquittal even though he was driving at the time in willful or wanton disregard of the rights of the public generally. State v. Kellow, 136 N.J.L. 1 (Sup. Ct. 1947), affirmed 136 N.J.L. 633 (E. & A. 1948); State v. Oliver, 107 N.J.L. 319 (E. & A. 1931).
In People v. Herbert, 6 Cal.2d 541, 58 P.2d 909, 910 (Sup. Ct. 1936), an almost identical problem was presented. There the defendant was charged with reckless driving under a statute which said that "any person who drives any vehicle upon a highway in so negligent a manner as to indicate either a willful or a wanton disregard of the safety of persons or property shall be guilty of reckless driving." He pleaded guilty and was fined. Subsequently he was indicted for manslaughter because of a death resulting from the same transaction. The prosecutor stipulated that the charge of manslaughter was based upon the identical facts upon which the defendant had been sentenced on his plea of guilty to reckless driving. Autrefois convict was then pleaded. The Supreme Court affirmed the denial of the defense and approved this statement of the lower court:
"It is true that on November 26 the facts were such that in a proper forum, the defendant then might have been prosecuted for manslaughter in the killing of Briscoe. In such prosecution he would have been placed in jeopardy, not for the separate offense of reckless driving, but for causing the death of Briscoe, by means of reckless driving plus the hitting of Briscoe. Under the manslaughter charge, he could not have been acquitted of manslaughter and convicted of reckless driving. Under the misdemeanor charge in the police court, he could not have been convicted of manslaughter.
In the case at bar, defendant's reckless driving of his car, that is, `in so negligent a manner as to indicate a willful or a wanton disregard of the safety of persons or property,' happened to be an act committed in violation of law; but for the purposes of trial of the instant case this conduct of the defendant, when proved, was merely part of the evidence of his unlawful killing of a human being which in this instance was done `in the commission of a lawful act which might *361 produce death, in an unlawful manner, or without due caution and circumspection.'"
The court said further:
"They are not the same offenses nor is one, to use the language of the Penal Code, `necessarily included within the other.' One provides for a minor misdemeanor punishment for the violation of section 121 of an act regulating the use and operation of vehicles on streets and highways. It makes no attempt to punish for the consequences, if any, which may flow from the act of reckless driving. The other offense, manslaughter, is a felony and was at common law an offense malum in se.

* * * * * * * *
The facts essential to constitute the crime or offense are not the same in each offense. A violation of the regulatory provisions of the Vehicle Code prohibiting reckless driving of motor vehicles is complete upon a showing that a vehicle was recklessly driven, and it matters not that no injury was done to persons or damage was done to property. The ingredient of manslaughter is that a human life was unlawfully taken. The offense is not complete unless death ensues from the injury within one year and a day from the day the injury is inflicted."
The same result was reached in State v. Empey, 65 Utah 609, 239 P. 25, 28 (Sup. Ct. 1925), which arose out of a collision between two cars, one of them being driven by the defendant. A passenger was killed. The defendant was first tried in the court of a justice of the peace on a charge that he operated his car in a careless and reckless manner and when under the influence of liquor contrary to certain statutory provisions. He was convicted and fined; then he was indicted for manslaughter and pleaded a second jeopardy. The plea was not sustained, the court saying:
"* * * The evidence of the collision, while not material to the charge of reckless driving, was illustrative and perhaps somewhat demonstrative of the manner in which the defendant did drive his car. The collision and consequential injury to Miss Baker, was, however, clearly not a necessary element or ingredient in the charge of careless and reckless driving while in an intoxicated condition, which was the gravamen of the charge included in the complaint before the justice of the peace, and upon which defendant was convicted. The offense charged in the complaint on which defendant was tried in the justice *362 court was complete before his automobile struck the automobile in which Miss Baker was riding. He necessarily would be guilty of the offense there charged, although he had not struck or touched the other automobile. The first offense cannot, therefore, be part of the second one, for which he was tried in the district court. The offense of driving an automobile on a highway in a careless and reckless manner, and at an excessive rate of speed, especially when under the influence of intoxicating liquor, was created for the very purpose of preventing collisions and consequent injury to others who may be on the highway. To the mind of the writer, it would be a mere travesty of justice to hold that because one is convicted of having driven his automobile on a public highway in a careless and reckless manner, while in a state of intoxication, that such a conviction is a bar to a charge of manslaughter which was the result of the carelessness and recklessness of the driver of the automobile.

* * * * * * * *
Moreover, where certain acts are prohibited by law the prohibited acts may be punished as a separate and distinct offense, while the consequences which may, and at times do, follow, but are not necessarily the result of such prohibited acts, may likewise be punished as a separate and distinct offense."
See also State v. Albertalli, 112 A. 724 (N.J. Sup. Ct. 1915); People v. Wilson, 193 Cal. 512, 226 P. 5 (Sup. Ct. 1924); Commonwealth v. Maguire, 313 Mass. 669, 48 N.E.2d 665 (Sup. Jud. Ct. 1943); State v. Midgett, 214 N.C. 107, 198 S.E. 613 (Sup. Ct. 1938); Annotations 172 A.L.R. 1053, 1058; 44 A.L.R. 564.
For the reasons stated the plea of autrefois acquit is not sustainable and the judgment of the trial court is affirmed.
BIGELOW, J.A.D. (dissenting).
A former conviction or acquittal of reckless driving is not considered, in most jurisdictions, a bar to a subsequent trial for manslaughter due to the same driving. Annotation, 172 A.L.R. 1058. But in New Jersey, the defense of double jeopardy is more broadly available than in many of our sister states. And much depends on the wording of the statutes that define the offenses.
The test usually applied in this jurisdiction is, would the evidence necessary to sustain the second indictment have been sufficient for a conviction on the first? Thus, one who has been convicted of arson cannot be tried for murder on account *363 of the death of a person who was burned to death in the same fire. State v. Cooper, 13 N.J.L. 361 (Sup. Ct. 1833). A man who has pleaded guilty to robbery, cannot be put to trial for a murder committed in the course of the robbery. State v. Mowser, 92 N.J.L. 474 (E. & A. 1919). Plea of non vult and sentence by a police court for being a disorderly person in that accused had in his possession papers pertaining to a lottery, bars prosecution for the misdemeanor of having possession of the same papers. State v. Labato, 7 N.J. 137 (1951). In each of these cases, evidence sufficient to sustain the second indictment would have proved the defendant guilty of the prior indictment or charge.
A different test is sometimes used, of which an example is presented in State v. Cosgrove, 103 N.J.L. 412 (E. & A. 1927), which arose from these facts: Two women, crossing the street hand in hand, were run into by an automobile driven by Cosgrove. One was killed, while the other, though injured, recovered. Acquittal on an indictment for the manslaughter was a good basis for a plea of autrefois acquit interposed to the indictment for assault and battery. And we have the recent case of State v. Pennsylvania R.R. Co., 16 N.J. Super. 360 (App. Div. 1951), affirmed 9 N.J. 194 (1952), growing from a train wreck in which many persons were killed. Indictments for manslaughter were returned, one for each person who lost his life in the wreck; but it was held, on a practice motion, that only one crime had been committed and that only one sentence could be imposed. It will be observed in these two cases that evidence to support one of the indictments would not be enough to prove guilt of the other. Upon Cosgrove's trial for assault upon one of the women, evidence of the death of the other would have been immaterial, and yet evidence of her death was essential to the manslaughter charge. And note that upon a charge of manslaughter, there can be no conviction of assault and battery, for malice or intent is a necessary ingredient of assault and battery but not of manslaughter. State v. Thomas, 65 N.J.L. 598 (E. & A. 1901). And in the *364 Pennsylvania Railroad case, evidence of the death of any passenger except the one mentioned in the indictment would be excluded on the trial of that indictment as likely to prejudice the jury. But in State v. Cosgrove, as well as in State v. Pennsylvania Railroad Co., there was a single criminal act,  the driving of the automobile against the two women, or the failure to take proper precautions in the operation of the railroad train, and so the plea was upheld. For further illustration of the principle, take State v. Rosa, 72 N.J.L. 462 (E. & A. 1905). There the defendant pleaded autrefois acquit to an indictment for murder and showed that he had been acquitted of the murder of another man and that both men were shot "at the same time and place." The plea was adjudged insufficient in not alleging that it was the same act which produced both homicides. The defendant shot twice.
Now apply these principles to the case before us. The indictment charges that Shoopman caused the death of J.S. by driving an automobile carelessly and heedlessly in wanton disregard of her rights and safety, contrary to the provisions of R.S. 2:138-9. The plea shows that he has been acquitted of driving an automobile carelessly and heedlessly in wanton disregard of the rights and safety of others (R.S. 39:4-96), that the indictment and the prior charge were based upon "the same acts, omissions and evidence." The plea was struck by the County Court on the ground that it was insufficient at law. It is obvious that to prove defendant guilty of the charge in the indictment, the State must show that he drove his car carelessly and heedlessly in wanton disregard of the rights or safety of others; and such proof would equally establish defendant's guilt of the charge of violating the Traffic Act, R.S. 39:4-96. And if we apply the test of State v. Cosgrove, we find that the same act, the same reckless driving, is the criminal conduct laid in each of the two charges. The fact that the indictment goes on to aver the death that resulted from the reckless driving, is immaterial to the question of identity of offense, "for it is the character *365 of the act, not the results which flow from it, which determines the question of the guilt or innocence of the person who does it." State v. Rosa, supra.
Still a third approach to the problem may be considered, namely, the element of res judicata that is included in the rules governing autrefois acquit. See 1 Chitty Cr. L. 455, and annotation in 147 A.L.R. 991. In State v. Cooper, supra, it is suggested that an acquittal on the indictment for arson would have been conclusive of the prisoner's innocence of that component of the murder charged against him. And State v. Labato says that "the prior judgment, in its own nature, is conclusive of the subject matter, leaving nothing for subsequent adjudication." We may say, therefore, that Shoopman's acquittal negatives conclusively the charge of reckless driving and so he cannot be guilty of causing death in the manner alleged in the indictment.
In State v. Labato, supra, Justice Heher, after stating that as a general rule a person acquitted or convicted of a minor offense cannot be charged again on the same facts in a more aggravated form, adds, "But this rule does not apply when the subsequent charge is that of murder or manslaughter." Two cases are cited as authority  Reg. v. Morris, 10 Cox C.C. 480 (Cr. Ap. 1867), and Reg. v. Salvi, 10 Cox C.C. 481n (Central Cr. Ct. 1857). Each was a homicide case in which was pleaded a prior conviction or acquittal of the fatal assault. But in each case, death did not occur until after the trial for assault. I am satisfied that Justice Heher was referring to the common law rule  or exception  that in such event the plea of jeopardy must be denied. 26 Am. Jur., Hom., § 182; Diaz v. U.S., 223 U.S. 442; 32 S.Ct. 250 (1912); People v. Harrison, 70 N.E.2d 596 (Ill. Sup. Ct. 1946). The case before us does not come within this exception since the victim died before Shoopman's trial for reckless driving.
Three other decisions must be noted. In State v. Albertalli, 112 A. 724 (N.J. Sup. Ct. 1915), the appellant was convicted of assault and battery with an automobile after being convicted of driving his automobile at an unreasonable *366 rate of speed, etc., contrary to the provisions of the Motor Vehicle Act. The conviction was reversed for error in the charge, but the court remarked that the plea of autrefois acquit was properly overruled:
"The penalty imposed by the recorder for the violation of the Motor Vehicle Act is not the judgment of a criminal court within the meaning of such plea. The penalties that are affixed to police and traffic regulations are such as are deemed sufficient by the Legislature to insure their observance, and hence lack the punitive and deterrent quality of the criminal law as it is administered by the criminal courts. It is the judgment of a criminal court for the same offense that prevents the second court from a reduplication of such judgment."
State v. Gratz, 86 N.J.L. 483, affirmed 88 N.J.L. 742 (1916), held that an acquittal of violation of an ordinance did not bar prosecution for assault and battery, although the same acts were the basis of both charges, for the acquittal "was not an acquittal of the misdemeanor of assault and battery, but of simple disorderly conduct." Lastly, in State v. Firth, 103 N.J.L. 275 (Sup. Ct. 1927), the defendant pleaded in bar of an indictment for atrocious assault and battery, a conviction before the recorder of Florham Park of discharging a firearm at the person named in the indictment. The plea was held insufficient because the recorder lacked jurisdiction to try the offense charged in the indictment.
State v. Firth appears to have been overruled by State v. Labato, supra, for the police court that adjudged Labato to be a disorderly person, did not have a jurisdiction broad enough to include the offense laid in the indictment, and yet the plea of autrefois convict prevailed. Note also in State v. Mowser, supra, that the plea to the robbery indictment was received by the Quarter Sessions, a court without jurisdiction to try the murder charge. R.S. 2:12-2. Similarly, the dictum in State v. Albertalli, supra, seems to be contrary to the decision of State v. Labato, supra. Our present Supreme Court, in reaching its conclusion that the summary conviction under the Disorderly Persons Act was a *367 bar to the indictment, said that that statute "was a police measure designed to afford a speedy and effective remedy where the offense was less aggravating in circumstance." And again, that the category, disorderly conduct, "comprises minor offenses denounced by statute below the grade of misdemeanors, and therefore punishable in a summary manner, yet quasi-criminal in essence." 7 N.J. 137. The quoted passages are equally true of the penal provisions of the Motor Vehicle and Traffic Law, Title 39 of our Revised Statutes, subtitles 3 and 4. Penalties under those titles may be as severe as a fine of $500 or three months' imprisonment. I need not consider whether State v. Gratz is still the law, for it related only to a prior acquittal of a municipal ordinance and not of a statute of our State.
In conclusion, it is my opinion that the plea of former acquittal should have been upheld.