273 P.2d 97

## STATE v. WEISE.

No. 8096.

Supreme Court of Idaho.

July 7, 1954.

James W. Wayne, Coeur d'Alene, for appellant.

Robert E. Smylie, Atty. Gen., Leonard H. Bielenberg, Asst. Atty. Gen., Wm. D. McFarland, Pros. Atty., Coeur d'Alene, for respondent.

**THOMAS, Justice.**

Appellant was charged with and convicted of involuntary manslaughter committed by the operation of an automobile upon U. S. Highway No. 10, a four-lane highway, in Kootenai County, Idaho, in an unlawful, negligent and careless manner and without due caution and circumspection, on the wrong side of the highway, turning the automobile from a direct course upon the highway across the course of oncoming traffic at a time when such movement could not be made with reasonable safety and while under the influence of intoxicating liquor, thereby colliding with another automobile driven by one David Hosley and causing injuries to Charles Edward Stewart, a passenger in the Hosley car, from which the said Charles Edward Stewart died.

Pursuant to a verdict of guilty appellant was sentenced to serve in the penitentiary for a term of not exceeding ten years and to pay a fine in the sum of $1,000. From

the judgment of conviction and an order denying a new trial, appellant has prosecuted this appeal.

It is urged in the assignments of error that the evidence is insufficient to sustain the verdict and judgment. It is also urged that the court erred in the admission of certain evidence, the giving of Instruction No. 6, refusal to give several instructions requested by appellant, overruling appellant's motion for a new trial and finally that the judgment is excessive.

■ The primary contention on the part of appellant is to the effect that the evidence adduced on the trial is wholly insufficient to support the verdict and the judgment rendered. The import of this assignment is to the effect that the evidence will not support beyond a reasonable doubt that appellant was driving her automobile while under the influence of intoxicating liquor in violation of Section 49–502, I.C., or carelessly and heedlessly in willful or wanton disregard of the rights or safety of others, or without due caution and circumspection or in a manner so as to endanger or be likely to endanger any person in violation of Section 49–503, I.C., or that she was driving upon the wrong side of the highway in violation of Section 49–509, I.C., or that she turned her automobile from a direct course upon the highway when such movement could not be made with reasonable safety in violation of Section 49–519, I.C.

This assignment of error necessitates a brief recital of the evidence leading up to the collision of the two automobiles which occurred shortly after midnight on May 3rd, 1953.

The fatal accident occurred on U. S. Highway No. 10 between Coeur d'Alene, and Spokane, Washington. The highway in this area consists of four lanes, each twelve feet wide and covered by a concrete surface, two lanes being used for eastbound traffic and two lanes for westbound traffic. For some distance east and west of and at the point where the collision occurred the westbound traffic is separated from the eastbound traffic by a four-foot strip of gravel.

On this highway and in this particular area there are no sharp curves or abrupt inclines. The elevation is graduated and slightly higher at a point in front of Ed's Cafe, located north of the northernmost westbound lane, the place of the collision. On this particular night the highway was dry and the visibility generally good.

Appellant was traveling eastward with the intention of going to Ed's Cafe. Mr. Hosley, the driver of the car in which decedent was riding, was traveling west in the north lane of the westbound traffic; Mr. and Mrs. Hosley and decedent and his wife had been in Coeur d'Alene and were enroute to their home in Spokane; they had attended a social gathering at Coeur d'Alene and had had at least a few drinks of hard liquor there and also a drink or so in Spokane prior to going to Coeur d'Alene. Appellant, with her passenger, Nellie Haner, who did

not testify, left a tavern some distance west of the point of impact shortly after midnight; appellant testified they traveled between 25 and 30 miles an hour in the south eastbound lane until they reached a point a short distance west of Ed's Cafe when they moved into the north eastbound lane and slowed down to 15 to 20 miles an hour, preparatory to making a left turn across the highway and giving a directional signal for a left turn; that the left turn was made; that appellant never saw the car of Hosley approaching nor did she see it at the point of impact or at any time.

The front of Hosley's car while in the northernmost lane of the westbound traffic struck the car of appellant on the right side between the front wheel and the front door. The exhibits indicate that after the impact the Hosley car traveled almost due north approximately 23½ feet; that appellant's car turned southwesterly back across the four-lane highway, its front end finally resting against an embankment approximately 10′ south of the south edge of the highway and approximately 130′ from the point of impact; the left directional light was still burning.

Hosley testified that he saw appellant's car moving eastward down the highway in the left lane for eastbound traffic some distance west of the point of impact; that when the headlights of both cars were about even appellant, without any signal or warning, made a sudden left turn in front of him and the collision followed immediately.

Both Mrs. Hosley and Mrs. Stewart, the widow of decedent, testified they never saw appellant's car prior to the collision. The Hosley car was traveling between 35 and 50 miles an hour.

Appellant testified that during the afternoon and evening commencing between 1:00 and 1:30 p. m. until shortly before midnight of the day in question she had been at several taverns and had consumed about nine pints of bottled beer and one glass of beer. Mr. Thompson, laboratory technician for Lake City General Hospital at Coeur d'Alene, testified that some three hours after the collision and in the home of a sister of appellant he took a sample of her blood for the purpose of determining the alcoholic content thereof; that upon an analysis he found the alcoholic content to be .18 per cent and that, based upon such test, it was his opinion that appellant was under the influence of intoxicating liquor at the time the test was made. Thompson also, at the Lake City General Hospital, took a blood sample from Mr. Hosley and upon analysis found the alcoholic content to be .14 per cent.

Without further detailing the evidence touching upon the matter of intoxication suffice to say there was sufficient evidence of a substantial nature from which the jury could find that appellant on the particular night was operating a motor vehicle upon the highway while under the influence of intoxicating liquor.

From a brief analysis of the evidence as above detailed there is sufficient evidence, if believed by the jury, though in some respects in conflict, to support the charge that appellant violated the laws of the road in at least three alleged particulars, namely: driving her automobile upon the public highway while under the influence of intoxicating liquor in violation of section 49–502, I.C.; reckless driving in violation of section 49–503, as amended 1951 S.L., Ch. 169, p. 365; turning her vehicle from a direct course on the highway when such movement could not be made with reasonable safety in violation of section 49–519, I.C.

The credibility of witnesses, as well as the weight to be given their testimony, is exclusively for the jury; if there is sufficient evidence in the record to support the verdict of the jury it will not be disturbed on appeal. State v. Cofer, 73 Idaho 181, 249 P.2d 197, and the cases therein cited.

Error assigned challenging the sufficiency of the evidence to sustain the verdict and support the judgment is without merit.

It is urged that the trial court erred in the admission of evidence of the alcoholic content of appellant's blood over timely objection. The laboratory technician for Lake City General Hospital of Coeur d'Alene took a blood sample for the purpose of making a determination of the alcoholic content of her blood. After proper foundation was laid qualifying the witness as a laboratory technician he testified he took a blood sample with appellant's consent and without threat, coercion, force or promise; two police officers who accompanied the technician to the home of appellant's sister had previously testified, substantially corroborating the technician in these respects.

Counsel's objection to the technician testifying as to his findings as to the alcoholic content of the blood was based solely upon the ground that making such tests constituted the practice of medicine and the witness was not qualified as a doctor and for that reason such evidence was inadmissible. No other grounds or reasons than those specified will be considered on appeal. The ground specified is without merit. The court did not err in admitting such evidence.

It is contended that driving an automobile while under the influence of intoxicating liquor and reckless driving, both made unlawful and condemned under the statutes, are necessarily included offenses in involuntary manslaughter under section 19–2312, I.C., and hence the court erred in refusing to give appellant's requested instruction thereon. Neither driving a motor vehicle recklessly nor while under the influence of intoxicating liquor is a necessarily included offense within the involuntary manslaughter charge of the information. People v. Herbert, 6 Cal.2d 541, 58 P.2d 909; State v. Rasmusson, 72 S.D. 400, 34 N.W.2d 923. See also Bacom v. Sullivan, 5 Cir., 200 F.2d 70; State v.

410

Empey, 65 Utah 609, 239 P. 25, 44 A.L.R. 558; People v. Krupa, 64 Cal.App.2d 592, 149 P.2d 416; State ex rel Foley v. Yuse, 191 Wash. 1, 70 P.2d 797; State v. Bacom, 159 Fla. 54, 30 So.2d 744, 172 A.L.R. 1050; State v. Shoopman, 20 N.J.Super. 354, 90 A.2d 43; State v. Shoopman, 11 N.J. 333, 94 A.2d 493; Annotation, 172 A.L.R. 1053; 22 C.J.S., Criminal Law, §§ 285 and 295, subd. b, pp. 427 and 444; 27 Am.Jur., Indictments and Informations, sec. 194, p. 738. The court did not err in refusing to give the requested instruction.

■ It is urged by appellant that the court erred in giving Instruction No. 6 and in refusing to give several instructions requested by appellant. None of these errors were discussed either in the brief or on oral argument nor were any authorities cited in support of such assignments. For this reason they will not be considered on appeal to this court. Hayward v. Yost, 72 Idaho 415, 242 P.2d 971; Johnson v. Bennion, 70 Idaho 33, 211 P.2d 148; Roberts v. Roberts, 68 Idaho 535, 201 P.2d 91.

Appellant asserts that the trial court erred in denying her a new trial on the ground of newly discovered evidence and on all the grounds heretofore considered and disposed of. We will now only consider whether or not the court erred in denying appellant a new trial on the ground of newly discovered evidence.

■ The grounds for a new trial are purely statutory. The court cannot provide any other ground. State v. Davis, 6 Idaho 159, 53 P. 678. If the evidence was known and available prior to and during the course of the trial it was not in any sense newly discovered.

■ The affidavits filed in support of a motion for a new trial admitted that the so-called newly discovered evidence existed, was known and available before and during the trial but that the attorney who defended the case for appellant (who is not her present attorney on this appeal) concluded not to use it; like admissions appear in the brief of appellant and also were repeated during the course of oral argument before this court.

At most, under the showing made, the importance and materiality of the evidence is newly discovered. The evidence, not the materiality, must be newly discovered. People v. McGarry, Cal.Sup., 267 P.2d 254. The evidence disclosed by the affidavits as a basis for a new trial is not newly discovered within the meaning of section 19–2406, subd. 7, I.C., and the numerous cases cited thereunder. The court did not err in refusing to grant a new trial on the ground of newly discovered evidence.

■ Finally, it is claimed that the punishment imposed is excessive. Appellant was sentenced to serve a term of not to exceed ten years in the state prison and was fined $1,000.

The statute provides that one convicted of involuntary manslaughter shall be pun-

ished by imprisonment in the state prison not to exceed ten years or by fine of not more than $1,000, or by both such fine and imprisonment. Section 18–4007, I.C., as amended S.L.1949, ch. 126, p. 221.

Section 19–2513, I.C., known as the indeterminate sentence law provides that the minimum period of *imprisonment* in the state prison heretofore provided for the punishment of felonies, and each such minimum period of *imprisonment* for felonies is abolished. It is further provided therein that upon conviction the court shall, unless it suspends judgment and sentence and paroles the offender as provided by Ch. 26 of T. 19, I.C., as amended, or unless the death sentence is imposed as required by law, sentence the offender to *imprisonment* in the state prison for an indeterminate period of time but stating and fixing in such judgment and sentence the maximum term of *imprisonment* provided by law.

Whether the punishment imposed is excessive must depend upon the circumstances of each case. Ordinarily *punishment* within the limits prescribed by statute is not excessive. The discretion vested in the trial court in fixing the punishment within the limits prescribed by law will not be reviewed or revised except where such discretion is abused. State v. Yockey, 57 Idaho 497, 66 P.2d 111; State v. Farnsworth, 51 Idaho 768, 10 P.2d 295.

The indeterminate sentence law, as noted above, applies to *imprisonment;* it does not apply to *fines.* The court must state and fix the maximum term of imprisonment where imprisonment is imposed, as it did; within its sound discretion a fine may also be imposed.

The statute, section 18–4007, I.C., as amended, further provides that in the event any person sentenced to pay a fine shall fail to pay it in whole or in part, such person may be required to serve out such fine in the state prison at the rate of one day for each $2 of any amount of the fine not paid. The judgment decreed the payment of such fine in conformance with this provision of the statute.

Where discretion is conferred upon the court in fixing the punishment for crime the law recognizes that the previous character, good or bad, of one convicted should be considered in fixing the punishment, State v. Owen, 73 Idaho 394, 253 P.2d 203; matters either in aggravation or mitigation of punishment may be heard before fixing the punishment, either upon motion of the court, State v. Arnold, 39 Idaho 589, 229 P. 748, or upon the oral suggestion of either party, section 19–2515, I.C.; such authority was not invoked in the instant case before fixing the punishment.

Appellant was without funds to employ counsel to defend her at the trial or to prosecute this appeal. The court, as provided by law, appointed counsel to represent her at the trial; friends and relatives employed her present counsel to prosecute

this appeal. It may well be that the judge labored under the belief that it was his mandatory duty under the indeterminate sentence law to impose both the maximum term of imprisonment and the maximum fine as he did. This, of course, is not so as he is vested with sound judicial discretion with respect to imposition of a fine.

The facts in this case as heretofore set forth do not present circumstances of aggravation such as have attended other cases. On this record the court is constrained to hold that the trial court abused its discretion in the imposition of the fine. The fine should be and hereby is remitted. State v. Linebarger, 71 Idaho 255, 232 P.2d 669.

The judgment of conviction, as modified by the remission of the fine, should be and is affirmed.

PORTER, C. J., and GIVENS and TAYLOR, JJ., concur.

KEETON, Justice (dissenting in part).

I concur with Mr. Justice Thomas that the proceedings taken against the appellant disclose sufficient facts to warrant the jury in finding the appellant guilty as charged, and that there are no reversible errors.

However, it is my opinion the penalty imposed is extremely excessive and should, in the exercise of judicial discretion, be substantially and materially reduced. Section 18-4007 I.C., as amended by the 1949 S.L., Ch. 126, page 222, makes a distinction between the punishment to be imposed for voluntary and involuntary manslaughter. One found guilty of involuntary manslaughter may be fined not exceeding $1,000 or imprisoned for a term of not exceeding ten years, or punished by both such fine and imprisonment.

In the instant case, without detailing all the circumstances which caused the death of the deceased Stewart, it is apparent to me from reading the transcript that there were contributing factors other than the actions of appellant. The actions of appellant and such contributing facts caused the unfortunate consequence. This should be given weight in fixing the penalty.

The appellant had no criminal intent, nor is she a criminal, as generally understood. Technically, she is guilty of involuntary manslaughter. Under the provisions of Section 18-4007 I.C., as amended, and Section 19-2601 I.C., amended by the 1949 S.L., page 211, a wide discretion is vested in the court in sentencing one convicted of a crime.

I consider the sentence imposed in this case too severe and entirely disproportionate to the gravity of the crime. Punishment is imposed for the protection of society and the reformation of the culprit. No useful purpose can be served in this case by confining appellant in the penitentiary for the term imposed by the trial judge, or any substantial part of it. The imposition of excessive punishment does not curtail crime.

Where the punishment imposed shows an absence of legal discretion it should be reduced.

I call attention to the 1953 Session Laws, page 495, section 53, where the Legislature has taken notice of the disparity which has existed in the punishment prescribed in manslaughter and negligent homicide cases. The former maximum penalty of ten years imprisonment has been by the Legislature reduced to one year.