THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. WILLIAM E. FIRTH, PLAINTIFF IN ERROR.

Submitted May 14, 1926—Decided February 23, 1927.

1. One of the essential statutory requisites of a valid plea of *autrefois convict* is, that the defendant should state that he was lawfully convicted of the offense charged in the indictment, and at common law it was necessary that such plea disclose that the defendant was lawfully convicted of the offense of which he is indicted and called upon to answer.

2. Where the plea of *autrefois convict* shows that the defendant was not lawfully convicted of the offense of which he stood indicted, because the tribunal in which he was convicted was without jurisdiction to hear and determine such offense, such plea is of no avail and cannot be successfully pleaded in bar of the indictment.

3. Where the trial of an offense in a recorder's court was *coram non judice*, the defendant was not twice placed in jeopardy by a subsequent indictment and conviction of the same offense by a court of competent jurisdiction.

4. If any one of the legal propositions embraced in a request to charge be erroneous, a refusal to so charge cannot be availed of as a ground for error.

5. Where it is clear from the testimony in the trial of an indictment for assault with intent to kill and for atrocious assault and battery that there was no element of self-defense on the part of the accused, and that such element was improperly injected into the case, it is immaterial whether the trial judge correctly charged the law on that subject, since it could not have prejudicially affected the defense on the merits of the case.

On error to the Morris County Court of General Quarter Sessions.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the plaintiff in error, *Leon E. Cone.*

For the defendant in error, *Albert H. Holland,* prosecutor of the pleas.

The opinion of the court was delivered by

KALISCH, J. The plaintiff in error was convicted in the Morris County Quarter Sessions of an atrocious assault and battery on an indictment containing two counts, one charging him with an assault with intent to kill and the other with atrocious assault and battery. He was acquitted under the count charging an assault with intent to kill, and on the conviction of atrocious assault and battery he was sentenced to imprisonment at hard labor for the maximum term of three years and a minimum term of one year.

The case is before us for review on strict writ of error and bills of exceptions, and under the one hundred and thirty-sixth section of the Criminal Procedure act.

Although there are numerous errors assigned and causes for reversal specified in the record, we are only concerned with, and have considered only, those assignments and specifications, which are relied on and argued in the brief of counsel of plaintiff in error. Under assignment of error No. 1, and specifications of causes for reversal Nos. 1, 2 and 3, it is

urged that "the court should have discharged the defendant from custody on the demurrer to the defendant's plea of *autrefois convict,* or at least should have given him a trial."

The record discloses that to the indictment the defendant filed a plea of *autrefois convict.* To this plea counsel on behalf of the state filed a demurrer. The trial judge overruled the plea and gave judgment for the state and ordered the case on for trial. This judicial action cannot be successfully impugned. The plea was neither a good plea in bar to the indictment, under the forty-fifth section of the Criminal Procedure act (2 *Comp. Stat., p.* 1835), nor under the common law. The section of the statute referred to provides: "In any plea of *autrefois convict* or *autrefois acquit,* it shall be sufficient for any defendant to state that he has been lawfully convicted or acquitted, as the case may be, of the said offense charged in the indictment." It is to be observed that one of the essential statutory requisites of a valid plea of *autrefois convict* is, that the defendant should state in such plea that he was lawfully convicted of the said offense charged in the indictment, and as there is no such averment in the defendant's plea, *sub judice,* nor any statement therein equivalent to such an averment, it becomes quite obvious that the plea was without any legal efficacy under the statute, and, hence, properly demurrable. Nor was the plea of any legal force under the common law. The plea sets forth a complaint, made before the recorder of Florham Park, charging the defendant that on the 10th day of May, 1925, he did "discharge a firearm at two officers of the law while in the performance of their duty," and that after a hearing the recorder found him guilty, and imposed a fine upon him of $250; "that the conviction still remains in full force and effect," and "that the offense in the indictment mentioned before and the offense for which this defendant was tried and convicted in the recorder's court is one and the same offense and not divers and different offenses."

At common law it is an essential element of a valid plea of *autrefois convict,* that it should disclose that the defendant was lawfully convicted of the offense of which he is indicted and called upon to answer. In the instant case, the facts set

forth in the plea make it conspicuously apparent that the defendant was not lawfully convicted of the offense of which he stood indicted. The recorder's court is without jurisdiction to hear, try and determine offenses of an indictable nature at common law. Assault with intent to kill and atrocious assault and battery are indictable offenses at common law.

Therefore, even if the offense of which the defendant was convicted in the recorder's court and upon which conviction judgment was pronounced was the same offense of which the defendant stood indicted, the truth of this statement being confessed by the demurrer, nevertheless, unless· it further appeared by the plea that the court, in which the former conviction was had, had jurisdiction of the offense and of the person of the accused, the plea is inefficacious and of no avail to the defendant. Now, since it appears in the present case, upon the face of the defendant's plea, that the recorder's court was clearly without jurisdiction of the subject-matter of the indictment, that is, of the offense charged therein against the defendant, such offense being only indictable at common law, the conviction of the defendant of the offense in the recorder's court was not a lawful one, and, of course, would be no bar to a prosecution on the indictment. It appearing from the defendant's plea that the proceeding against him in the recorder's court was *coram non judice,* the conviction and judgment were nullities and cannot be successfully pleaded in bar to the indictment. See *State* v. *Ackerman,* 64 *N. J. L.* 99, in which case the subject in hand was elaborately and instructively treated. *State* v. *Rosa, 72 Id.* 462; *State* v. *Cooper, 96 Id.* 376. The defendant's plea was without any legal force and ·the demurrer was properly sustained.

Under point 2 of the brief of counsel of plaintiff in error it is argued that the defendant was placed in jeopardy twice for the same offense. We have sufficiently pointed out, in discussing the merits of the defendant's plea of *autrefois convict* to the indictment, that the trial had in the recorder's court was *coram non judice,* and, therefore, the defendant was not placed in jeopardy for the same offense.

There seems to be a general concensus of judicial opinion that in order for a defendant to successfully avail himself of a plea of second jeopardy it must appear that the offense of which he was formerly convicted was the same offense or produced by the same single unlawful act as the offense for which he stands indicted and called upon to answer, and that his former conviction was had in a court of competent jurisdiction, that is, in a court having jurisdiction of the subject-matter and of the accused, and that his conviction was a lawful one. 16 *Corp. Jur.* 239, 240; *State* v. *Cooper,* 13 *N. J. L.* 361; *State* v. *Rosa, supra; State* v. *Mowser,* 92 *Id.* 474.

Under point 3 of the brief of counsel of plaintiff in error it is urged that the trial judge erred in refusing to charge the defendant's following request: "If you members of the jury arrive at the conclusion that this defendant is guilty you can convict him of a lesser degree of crime than that charged in the indictment, or, of course, you can find him not guilty and acquit him of the charges made against him."

This request was properly refused. It is quite obvious that if the jury came to the conclusion that the defendant was guilty of either the assault with the intent to kill or of an atrocious assault and battery, it could not properly find a verdict of a lesser degree than that of atrocious assault and battery, since the fact was uncontroverted that the complaining witness was wounded as a result of one of the shots fired by the defendant. As the defendant was acquitted on the count of the indictment charging him with assault with intent to kill, no harm resulted from the refusal to charge the request. We do not wish it to be understood, from the foregoing, as holding that the trial judge was under any legal duty to charge the request in the form in which it was presented. On the contrary, we are of the opinion that the request was indefinite, inconsistent in its terms, and partly erroneous in law. The term "guilty," in the request, could only properly refer to the guilt of the defendant of the charges embraced in the two counts of the indictment, and, of course, if the jury came to the conclusion that the defendant was guilty of the charges against him, while it had

the physical power to render a verdict of a lesser degree, it could not properly have done so under the evidence, except as to the charge of assault and battery with intent to kill, and on this count the defendant was acquitted.

There are, manifestly, two legal propositions embraced in the request, one relating to the assault with intent to kill and the other to the atrocious assault and battery. As to the latter, the plaintiff in error was not entitled, in law, under the evidence in the cause, to the instruction asked for, hence, the entire request was properly refused. For, if any one of the legal propositions embraced in a request be improper, a refusal to charge such request cannot be availed of as a ground of error. *State* v. *Noyes,* 41 *N. J. L.* 418; *Gardner* v. *State,* 55 *Id.* 17.

The only other ground urged for reversal of the judgment is stated by counsel of plaintiff in error, in the brief, as follows: "The charge of the court was erroneous, because the charge failed to set forth that the force used reasonably appeared to be necessary, the court having charged the jury in the language following, to which charge an exception was taken and allowed." "There was absolutely no excuse, as I view the evidence, for him to fire that rifle at the time he did so. The only time you or I or any citizen can use a gun or a knife or other weapon in self-defense is when we are backed up against a wall, and it seems to us necessary to protect our lives; that is the only time we may use a gun or knife or other weapon in self-defense, and if we do so otherwise, we are responsible for the outcome of our act."

From a careful reading of the testimony, it is clear that the element of self-defense was improperly injected into the case. The record discloses that the complaining witness, a police officer of Florham Park, accompanied by a brother officer, while traveling along a public highway in the borough of Florham Park, at midnight, observed a motor car parked on the wrong side of the road. They stopped their automobile in the centre of the road when they encountered the defendant, and, according to the latter's version, his car was about "twenty feet from where Brooklake road is, down the lane," and as he backed down the lane and was there about a

minute, he stepped from his car when two absolute strangers stopped a car in the centre of the road, and they asked him whose car that was down there, that there were two or three, and that he replied that he didn't know and didn't give a damn; that he returned to his car and took a rifle and was going to the gun club when the man that he did not know and could not identify said he would get him, and that he became scared and threw one shell in the gun and fired in the air. The defendant further testified that he was so excited that he could not remember whether he fired twice. The proof was that he fired two shots, and that the second shot took effect, the bullet penetrating the rear of the automobile and wounding the complaining witness in the lower region of the spine, and that both shots were fired while the automobile was moving away from the place where it had stopped. It is therefore obvious that there was no element of self-defense in the case. After the trial judge stated to the jury: "There was absolutely no excuse, as I view the evidence, for him to fire the rifle at the time he did so," he could have properly stopped there. Whether the trial judge rightly or wrongly stated what in law constituted self-defense is inconsequential, since it could not prejudicially affect the defendant's defense on the merits of the case. We take occasion to say, however, that we do not approve the declared conception of the trial judge, as expressed by him, as to what must appear to contitute a good plea of self-defense.

The judgment is affirmed.