81 N.J. Super. 220 (1963)
195 A.2d 306
ALFRED P. LAURINO, APPELLANT,
v.
STATE OF NEW JERSEY, DIVISION OF ALCOHOLIC BEVERAGE CONTROL, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued October 28, 1963.
Decided November 21, 1963.
*222 Before Judges GOLDMANN, KILKENNY and COLLESTER.
Mr. Edward K. Keefe argued the cause for appellant.
Mr. Avrom J. Gold argued the cause for respondent (Mr. Arthur J. Sills, Attorney General of New Jersey, attorney).
The opinion of the court was delivered by KILKENNY, J.A.D.
Alfred P. Laurino (hereinafter "licensee"), the holder of a plenary retail consumption license, appeals from an order of the Acting State Director of Alcoholic Beverage Control, adjudging him guilty of (1) selling alcoholic beverages to persons under 21 years of age and (2) employing persons under 21 years of age in or upon the licensed premises without obtaining a permit from the Director. This determination resulted in a suspension of the license for a period of 30 days.
The licensee admits the truth of the charges but contends that he established a complete defense under the special facts herein and within the ambit of N.J.S.A. 33:1-77.
The facts are not disputed. In November of 1962 two girls, one 20 years of age and the other 16 years of age at the time, applied to the licensee for employment. Both girls orally represented themselves to be over 21 years of age. The 16-year-old girl showed the licensee what purported to be a genuine baptismal certificate, impressed with the church seal, which recited that she was born on August 8, 1941 and baptized on September 12, 1941 at the Church of Christ the King, Yonkers, New York. Thus, this certificate indicated on its face that this girl was then 21 years old. The 20-year-old girl claimed to have been born on October 17, 1940. If this were true, she would then have been 22 years old. She, too, exhibited a birth or baptismal certificate.
*223 On November 27, 1962 the licensee took the 16-year-old girl to the Union City Bureau of Liquor Control at the local police headquarters. She then and there presented a photograph of herself, signed a form in which she stated she was 21 years old, and was fingerprinted, as required by the local ordinance. She received an identification card issued by the Commissioner of Public Safety, showing her age as 21 and certifying compliance with the provisions of the ordinance. The ordinance required this certificate to be on file on the licensed premises.
The licensee followed the same procedure with reference to the 20-year-old girl on December 7, 1962. She represented that she was 22 years old and her identification card, issued by the local bureau of liquor control, so indicates.
Aside from the oral representations as to their age made by the girls to the licensee, the showing of the baptismal certificate, and their signatures on the fingerprint cards, executed for the local board of liquor control at police headquarters, neither girl signed any other writing certifying or attesting to the licensee that she was 21 years of age, or older.
On January 6, 1963 two agents of the State Division of Alcoholic Beverage Control went to the licensee's premises and there found the two girls in the licensee's employ. The fact of that employment and that the girls had been served alcoholic beverages is admitted. The licensee was charged with serving intoxicating beverages to minors and employing minors without a permit on licensed premises, in violation of Division of Alcoholic Beverage Control Rule 1, Regulation 20, and Rule 3, Regulation 13, respectively.
At the Division hearing, aside from the facts recited above, it was stipulated that if the agents were to testify as to their impression of the girls' apparent ages, they would say the 16-year-old girl appeared to be 18 or 19, and the 20-year-old girl about 19 or 20.
The licensee testified that the girls appeared to him to be over 21. He stated further that he had been in the tavern business as bartender and proprietor for about five or six *224 years. The licensee's bartender, similarly experienced in the tavern business, testified that both girls appeared to him to be over 21. On cross-examination the bartender testified that he knew the girls had police cards and, therefore, did not question them. He admitted that if they did not have police cards he "might have" asked them about their age because they were "of that age."

I.
We consider first the charge of selling alcoholic beverages to minors.
The sale of alcoholic beverages to a minor is a misdemeanor as well as a violation of the rules and regulations of the Division of Alcoholic Beverage Control. N.J.S.A. 33:1-77 provides:
"Anyone who sells any alcoholic beverage to a minor shall be guilty of a misdemeanor; provided, however, that the establishment of all of the following facts by a person making any such sale shall constitute a defense to any prosecution therefor: (a) that the minor falsely represented in writing that he or she was twenty-one (21) years of age or over, and (b) that the appearance of the minor was such that an ordinary prudent person would believe him or her to be twenty-one (21) years of age or over, and (e) that the sale was made in good faith relying upon such written representation and appearance and in the reasonable belief that the minor was actually twenty-one (21) years of age or over."
The defense provided in the above criminal statute has been held to be available in proceedings before the Division. Sportsman 300 v. Board of Com'rs of Town of Nutley, 42 N.J. Super. 488 (App. Div. 1956).
It has been held that all of the factual elements enumerated in N.J.S.A. 33:1-77 must be present to constitute a defense to the violation. Sportsman 300 v. Board of Com'rs of Town of Nutley, supra. That is: (1) the minor must represent in writing that he or she is over 21, and (2) an ordinary prudent person would believe the minor appeared to be over 21, and (3) the sale was made in good faith relying on the written *225 representation and appearance of the minor and in the reasonable belief the minor was actually 21 or over.
In finding the licensee guilty of selling alcoholic beverages to minors, the Director found that the licensee's defense was lacking in only one of the necessary elements, namely, the appearance of the minors. In his words:
"I find that, notwithstanding the minor's representations and writings (the pertinence of which is questionable), their appearances were such that an ordinary prudent person would not believe them to be of age. Hence one of the requirements necessary to establish the defense provided by R.S. 33:1-77 is lacking."
There was no finding that the minors had not falsely represented in writing that they were 21 years of age or over, or that the sale of liquor to them was not made in good faith in reliance upon their written representations and in the reasonable belief of the licensee that they were actually 21 years of age or over.
However, on this appeal taken by the licensee, the Director challenges the sufficiency of the false representations as to age made in writing by the girls when they applied to the Liquor Control Board of Union City for police identification cards required by the local ordinance for employment in licensed premises. He maintains that N.J.S.A. 33:1-77 and A.B.C. rules and regulations contemplate a written form such as that promulgated by the Division and to be executed by the customer at the time of and as an inducement for the sale of liquor to him. N.J.S.A. 33:1-77 contains no such limitation. We discern no greater efficacy in a false representation in writing as to age made to the licensee on a recommended A.B.C. form at the time of the sale, upon which he honestly relies in making the sale, than in a similar written false representation made only a few weeks anterior to sale on a form prescribed by the local liquor control board, upon which both the local board and the licensee relied in good faith, and which also influenced the sale.
*226 Accordingly, we conclude on the facts in this case that the false representation by these girls on the fingerprint cards signed by them in compliance with the local ordinance, and their filing of the police identification cards, with their purported ages thereon, with the licensee and upon which he relied in giving them employment in the licensed premises, were a sufficient false representation in writing to satisfy that aspect of N.J.S.A. 33:1-77.
We turn our attention now to the question of whether there was substantial evidence to support the Director's finding that "an ordinary prudent person would not believe them to be of age." It is our policy not to interfere with the administrative finding of fact if there is substantial evidence to support it. Hornauer v. Division of Alcoholic Beverage Control, 40 N.J. Super. 501 (App. Div. 1956).
Needless to say, determining the age of a person by his appearance is most often very speculative. As the court said in State v. Koettgen, 89 N.J.L. 678, 683 (E. & A. 1916):
"It is a matter of common knowledge, derived from observation and experience, that there is nothing more uncertain and highly speculative than that of attempting to fix the age of a person by his or her appearance."
The Division's proof consisted solely of the stipulation, noted above, that if the agents were to testify as to their impressions of the girls' apparent age, they would say the 16-year-old girl looked about 18 or 19 and the 20-year-old one looked about 19 or 20. It is obvious therefrom that the opinions of the agents based merely upon appearances were far from accurate. They misjudged the age of the 16-year-old by two to three years, thus indicating that she was much more mature in appearance even in the critical eyes of the agents than would be expected of a girl of 16. The agents also under-estimated the age of the older girl, who was actually 20 years and 3 months old at a time when the agents placed her age as low as 19 years. In the absence of testimony by the agents as to the reasons for their judgment, we are uninformed as to the *227 factors in the appearances of the girls which influenced their opinions.
On the other hand, the licensee and his bartender testified under oath that both girls appeared to them to be over 21 years of age. That they erred in judgment is not enough to infer guilt. N.J.S.A. 33:1-77 refers to the "ordinary prudent person." Their misjudgment may have reasonably been induced by their knowledge of other factors. They were aware of the police identification cards and the fingerprint cards, indicating the girls were over 21. We have also noted above that before the girls were employed or served liquor, they had orally represented to the licensee that they were 21 years of age, and older, and the licensee had seen what was represented to be the younger girl's baptismal certificate, evidencing her baptism in August 1941. Since one must be born before he can be baptized, this certificate may have had some subconscious effect upon the licensee's judgment, as it would have had upon any "ordinary prudent person."
Appearances can be deceiving to the most prudent person, especially when conditioned by prior or contemporaneous information. The phrase, "that makes me see him in a new light," is illustrative of this rule of human behavior. The certificates of the municipal authorities would have an almost inexorable tendency to make the appearances coincide with the representations. Nor need we elaborate upon the female ability to deceive the unwitting male by false appearances. Only the most naive would be unaware of the countless female aides which flood the marketplace, which permit one to appear older or younger, shorter or taller, or variable in numerous other ways. We find no lack of prudence in the licensee's judgment based on the girls' appearances. The local authorities are primarily responsible for the enforcement of laws relating to alcoholic beverages. R.S. 33:1-24; Beneditti v. Board of Comm'rs of Trenton, 35 N.J. Super. 30 (App. Div. 1955). We deem it significant that they were apparently satisfied that the girls were 21 or over. If these girls could, by their appearances, deceive experienced police officials in their false *228 representations as to age, it would be unreasonable to hold that the licensee did not act as an ordinary prudent person in being equally misled by those same appearances. Even were the appearances of their being 21 or over doubtful, the ordinary prudent person would believe them to be of that age upon learning that the local authorities had issued certificates which indicated such an age.
We conclude that the licensee's defense to the charge of selling alcoholic beverages to minors was meritorious and that he should not have been found guilty of that charge.

II.
The proviso in N.J.S.A. 33:1-77, applicable as a defense to selling alcoholic beverages to a minor, is not a defense to the charge of employing a minor to work in licensed premises without a permit from the Director, in violation of Rule 3, Regulation 13. Accordingly, the licensee did technically violate that rule. However, there was no evidence of any conscious hiring of these minors as such, or of any intentional violation of the rule and regulation. The obtaining of the permits from the Director to employ minors is a simple requirement with which the licensee could have easily complied. Assured by the certificates issued by the municipal authorities, showing on their face that these girls were 21 and 22 years old, there was no apparent need to seek permits from the Director. Therefore, under the mitigating circumstances herein, a suspension penalty was unwarranted.
For the reasons above stated, the Director's determination is reversed, insofar as the charge of selling alcoholic beverages to minors is concerned; is affirmed as to his finding the licensee guilty of the charge of employing minors without a permit from the Director; and the order of suspension is vacated. No costs.