155 N.J. Super. 93 (1978)
382 A.2d 400
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
MARTY BLECKER, DEFENDANT-APPELLANT.
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
NETTIE TURCHIN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 20, 1977.
Decided January 4, 1978.
*95 Before Judges LORA, SEIDMAN and MILMED.
Mr. Arnold Jay Gold argued the cause for appellants.
Mr. Peter Brennan, Deputy Attorney General, argued the cause for respondent (Mr. William F. Hyland, Attorney General of New Jersey, attorney; Ms. Helen E. Szabo, Deputy Attorney General, of counsel and on the brief).
The opinion of the court was delivered by SEIDMAN, J.A.D.
In these consolidated matters defendants were indicted for knowingly selling to a person under the age of 18 years, in violation of N.J.S.A. 2A:115-1.8, obscene material as defined in N.J.S.A. 2A:115-1.7. They were found guilty in separate jury trials. Each received a suspended six-month jail sentence and was fined $200. Both appealed.
*96 The basic facts in these cases are virtually identical. On April 9, 1973 a Linden police sergeant had his son enter a number of stores in order to purchase magazines alleged to be obscene for persons under 18. The sergeant observed the purchases and later filed complaints against the sellers, among whom were these defendants, leading to their indictment. His son, 14 years of age at the time, was over six feet in height and weighed more than 180 pounds. Defendants denied seeing the sergeant or his son on the day in question. Neither recalled selling any allegedly obscene magazines to the youth. They did not deny displaying the magazines in question in their stores, nor did they disclaim knowledge of the character and content of the materials sold. They do not raise on appeal the issue of whether the materials were obscene for persons under 18 within the meaning of the statute.
Six points are listed as grounds of appeal, but there are essentially two major contentions. One is that the trial judge erroneously refused to charge the jury, as requested, that if the State failed to prove beyond a reasonable doubt "that the defendant knew the age of the minor, or from his appearance an ordinary prudent man should have ascertained the age of the minor, then the jury must find the defendant not guilty as charged." The other, in various forms, challenges the statute in question as being unconstitutional in that it (1) contravenes the "variable obscenity test for minors, outlined in Ginsberg v. New York: and modified by the present definition of obscenity in Miller v. California"; (2) is vague and overbroad, (3) "violates due process because the scienter requirement is impermissibly broad and burdensome," (4) fails to provide a sufficient guide for law enforcement officials, and (5) defendants "did not have proper notice of that which the statute forbade."
We reject defendants' attack upon the statute substantially for the reasons expressed by Judge Muscatello in his written opinion in the Law Division. See also State v. Siegel, 139 N.J. Super. 373 (Law Div. 1975).
*97 The remaining ground of appeal pertains to the trial judge's denial in both cases of the following request to charge:
If the jury finds as a fact that the defendant did sell to the minor herein on April 9, 1973 certain material that defendant knew was obscene for a person under eighteen years of age and that defendant was aware of the items sold to that defendant [sic], but that the State has failed to prove beyond a reasonable doubt that the defendant knew the age of the minor, or from his appearance an ordinary prudent man should have ascertained the age of the minor, then the jury must find the defendant not guilty of the offense as charged. [Emphasis supplied]
The thrust of defendants' argument is that N.J.S.A. 2A:115-1.8 requires that the prosecution prove that appellants had knowledge of the age of the minor, and "[i]n the case before the court it is unquestionable that the jury could have found that the minor involved may have appeared to be well over eighteen years of age on the date of the sale, even though, he was only fourteen." They maintain that the jury should accordingly have been instructed as requested.
The pertinent portion of the charge was as follows:
Now in this case the State must prove beyond a reasonable doubt the following before you can come in if you do at all with a guilty verdict. One. That the defendant knowingly sold S-1 and S-2, they are the two publications in evidence to Thomas Bright, Jr. Two. On April 9, 1973, Thomas Bright, Jr. was under the age of eighteen years. Three. That is S-1 and S-2 are material obscene for persons under the age of eighteen.
The State must prove that Thomas Bright, Jr. was in fact under eighteen. The fact that Thomas Bright, Jr. may have appeared to be eighteen years of age or over is not itself a defense to this charge. * * * *
The convictions here were under N.J.S.A. 2A:115-1.8, which provides that "[a] person who knowingly sells to a person under 18 years of age material obscene for persons under 18, as defined in this act, is guilty of a misdemeanor." Defendants construe the phrase "knowingly sells to a person under 18 years of age" to include an implication that the *98 person selling knows that the person he is selling to is under the age of 18. However, the definition of "knowingly" in N.J.S.A. 2A:115-1.7 is limited to "having knowledge of the character and content of material described herein, or having failed to exercise reasonable inspection which would disclose its character and content." No reference is made to knowledge of age. The State argues therefrom that "actual knowledge of the purchaser's age by the vendor is not a statutory element." Defendants, on the other hand, point to N.J.S.A. 2A:115-1.9, which declares that the sale to a person under 18 years of age of material obscene for persons under 18 shall constitute presumptive evidence
a. that the defendant made the sale knowingly; and
b. That the defendant knew that the person was under 18 years of age. [Emphasis supplied]
They reason that if the vendor's knowledge that the minor was under 18 were not an element of the offense, there would be no need for the statutory presumption.
It is not clear, under the statute, whether the State, in order to convict, is required, among other things, to prove beyond a reasonable doubt that the seller knew that the buyer of the obscene material was under 18. The predecessor statute (L. 1966, c. 199) did not have a comparable section on presumptive evidence.
In its Report to the Governor and Legislature (pursuant to L. 1969, c. 121), the Commission to Study Obscenity and Depravity in Public Media included in its draft of a proposed statute several presumptions, one of which was that the sale, offer to sell, exhibition, show or display to a minor of any of the proscribed items "shall be presumptive evidence that the defendant knew that the person was a minor." Report at 70. Another presumption was that the vendor or exhibitor was "presumed to have knowledge of the contents of all such materials * * *." Id.
The Commission explained that the section on presumptions was "a realistic handling of the knowledge which a *99 dealer may be presumed to have of his wares and his customers." Report, at 49-50. It said that it was common sense to suppose that a dealer in such wares "must have some general knowledge of its character," and that the presumption could be "overcome by positive evidence to the contrary in any particular case." Id at 50.
As for the presumption that "a dealer or exhibitor recognizes when he is dealing with a minor," which "can be overcome by evidence to the contrary," the Commission observed that the section on "defenses," recognizing that occasionally age is difficult to ascertain, allows a defense that reasonable effort was made to ascertain it. Report at 50.
When the Legislature enacted the present statute (L. 1971, c. 446), it substantially revised the Commission's draft. While it incorporated the substance of the two presumptions referred to, it did not adopt any of the suggested defenses (Report at 71), one of which was that "from the minor's appearance the defendant had no reason to suspect that the minor was under 17 years of age; or that, if he had reason or did so suspect, he made reasonable efforts to determine the minor's age"; nor did it adopt the proviso that "if evidence tending to support the existence of any such defense shall appear in the case the burden of disproving same beyond a reasonable doubt shall be on the prosecution." Instead, the Legislature retained the three-pronged defense contained in the prior statute (L. 1966, c. 199, § 4) which required the establishment by a defendant of all of these facts: (1) that the minor falsely represented in writing that he or she was 18 years of age or over; and (2) that the appearance of the person was such that an ordinary prudent individual would believe him or her to be 18 years of age or over, and (3) that the sale or distribution was made in good faith relying upon such written representation and appearance and in the reasonable belief that the person was actually 18 years of age or over. N.J.S.A. 2A:115-1.10. It is noteworthy that these defenses, except as to the age, are identical to those contained in N.J.S.A. 33:1-77, *100 which deals with sales of alcoholic beverages to minors and prescribes penalties therefor.
We do not deem it necessary to determine at this time whether knowledge by a defendant that the purchaser of the obscene material is under the age of 18 is an element of the offense. It is our view that even if the preceding proposition should be answered affirmatively, the omission from the charge of that element of the offense, if error, was not, considering the totality of the circumstances here present, of such magnitude nor so prejudicial as to require a reversal and remand for a new trial.
The proposed charge in these cases was the subject of extended colloquy among counsel and the trial judge at the close of the evidence. In Blecker, which set the pattern for the charge in Turchin, the trial judge announced his intention at the outset not to "read presumptions" to the jury, nor to read the defenses contained in N.J.S.A. 2A:115-1.10. The prosecutor expressed concern that the jury might in that event acquit defendant because the youth "looked to be eighteen years of age," thereby "assum[ing] a defense which does not exist." Defense counsel's rejoinder was that "there is an issue as to the age of this child or how old he looks to the jury, that is a defense in this case." The trial judge demurred, holding that defendant would have to establish all the elements of N.J.S.A. 2A:115-1.10 and could not offer as a defense only that the person appeared to be over 18. Reiterating his previously announced intention not "to read the presumptions * * * because the presumptions I think would tie you [defendant] down even more," the trial judge then said to defense counsel, "I gather you don't want presumptions." The reply was, "No, I don't want the presumption," but defense counsel persisted that the jury should, nevertheless, be able to determine "the reasonableness of this person's age"  that is, that defendant "didn't knowingly sell because he didn't know the person was under the age of eighteen."
*101 The trial judge seemingly misconceived the use to be made of the statutory presumptions. Since it is evident that the State, in a case of this nature, might have great difficulty in proving as a fact that a seller of obscene material made the sale knowingly or knew that the buyer was under the age of 18, the purpose and effect of the statutory "presumptive evidence" was to permit "an inference to be drawn from the established facts that another fact exists without the necessity of proof of the inferred fact." State v. Curtis, 148 N.J. Super. 235, 240-241 (App. Div. 1977). See also, State v. DiRienzo, 53 N.J. 360, 374 (1969). Guilt is not mandated thereby, nor is the State relieved of its burden to prove the elements of the offense beyond a reasonable doubt. Id. The jury is not bound to draw the inference.
There was no need for the trial judge to have read the section verbatim to the jury. It would have sufficed if he had simply instructed the jury, in substance, that from a finding beyond a reasonable doubt that defendant had sold to a person under 18 years of age material obscene for persons under 18, the jury could infer therefrom, if they so chose, that defendant made the sale knowingly and knew that the person was under 18 years of age, while at the same time stating that all elements of the crime had to be proved by the State beyond a reasonable doubt. State v. Di Rienzo, supra at 379.
But the charge which defendants requested, standing alone, would have permitted the jury to acquit upon a finding that the State had failed to prove affirmatively that defendant knew that the minor was under the age of 18 years. It should be evident that without the benefit of the relevant permissible inference, the State would have been severely disadvantaged. And yet, while maintaining that the requested charge should be given, defense counsel did not want the jury to be instructed in accordance with the presumptive evidence section of the statute. Defendants may not be heard to complain of the trial judge's refusal to incorporate in his charge to the jury a requested instruction from which, *102 in the absence of a further instruction on the available inference to be drawn on the subject, they would have derived an unfair benefit.
Moreover, the request to charge sought to impose upon the State the burden of proving beyond a reasonable doubt not merely that defendant know the age of the minor (i.e., knew the minor to be under the age of 18 years), but, alternatively, that "from his appearance an ordinary prudent man should have ascertained the age of the minor." We are entirely satisfied that the State had no such burden. The only reference in the statute to whether the appearance of a minor was such "that an ordinary prudent individual would believe him or her to be 18 years of age or over," is contained in the section on defenses (N.J.S.A. 2A:115-1.10). But to constitute the statutory defense, a defendant must establish "not some but all of the factual elements enumerated in the enactment relating thereto." Cf. Sportsman 300 v. Nutley Bd. of Comm'rs, 42 N.J. Super. 488, 493 (App. Div. 1956). That is, it must also be established (a) that the minor falsely represented in writing that he or she was 18 years of age or over, and (b) that the sale was made in good faith, relying upon such written representation and appearance and in the reasonable belief that the person was actually 18 years of age or over. See Laurino v. State of N.J. Div. of Alcoholic Bev. Control, 81 N.J. Super. 220, 224-225 (App. Div. 1963).
The law is settled that a request to charge must be correct in law for its denial to be error. State v. Segal, 78 N.J. Super. 273, 284 (App. Div. 1963), certif. den. 40 N.J. 224 (1963); State v. McNair, 59 N.J. Super. 453, 459 (App. Div. 1960), cert. den. 365 U.S. 829, 81 S.Ct. 715, 5 L.Ed.2d 706 (1961); State v. Firth, 103 N.J.L. 275, 280 (Sup. Ct. 1926). Where a portion of the request is erroneous, the trial judge warranted in rejecting the whole. State v. Leak, 128 N.J. Super. 212, 216 (App. Div. 1974), certif. den. 65 N.J. 565 (1974).
*103 There is no doubt in this case that defendants sold allegedly obscene material to a person under 18 years of age. As we indicated earlier, whether the material was in fact obscene for such person within the intendment of the statute is not an issue on this appeal. That the youth might have appeared to be over 18 years of age was not a defense to the crime. Moreover, since neither defendant had any recollection of the youth or of making any sale to him, any issue that might otherwise have existed as to whether the appearance of the youth was such that defendants did not know him to be under 18 years of age, was not projected. As we said earlier, the totality of the circumstances convinces us that if there was error with respect to the refusal to charge as requested, it was harmless beyond a reasonable doubt.
The judgments of conviction are affirmed.